## McLAUGHLIN, DAVIS & CO v. P. SAUVÉ.

The testimony of a partner who has transferred his interest to his copartner, notwithstanding a release by the plaintiffs must always be received with grave suspicions.

Although parol proof, to establish an agreement to pay eight per cent. interest, may be received withoutobjection, yet the court cannot give judgment for that rate, "It is of the essence of legal evidence in support of it, that it be written."

APPEAL from the District Court of the Parish of Jefferson, *Burthe*, J. *Singleton & Ivy*, for plaintiffs. *J. W. Duncan*, for defendant and appellant.

MERRICK, C. J. This suit is brought to recover for the use of *Alden McLaughlin* from the defendant the sum of $800, with interest at the rate of eight per cent. per annum from the 1st of January, 1852, for work done to stop the well known crevasse which occured upon the plantation of the defendant in 1849, and occasioned the inundation of a portion of this city.

There was judgment for the plaintiff for debt and interest, and defendant has appealed. The plaintiffs introduced one of their partners who had transferred his interest to *Alden McLaughlin* as a witness to prove the claim. It must be remarked in regard to this kind of proof that it always must be received with grave suspicions, notwithstanding it is accompanied by a release from the plaintiff. For it is often the case that these transfers are made in order to obtain the testimony of the original obligee, and at a time when the defendant

has lost all the means of showing such testimony to be erroneous. Moreover a party who will receive the price of an unjust demand from a third person may be supposed to be capable of supporting it by his oath against the party or the estate against which it is preferred. Such testimony uncorroborated ought rarely, if ever, to make full proof. See *Lentz* v. *Merryman*, 12 Ann. p. 180. But in this case the repeated promises of the defendant are proven by other testimony. The work is shown to have been done in an attempt to stop the crevasse upon the defendant's plantation. The obligation which rested upon the defendant to maintain his levee was a sufficient consideration or cause to support the promise. If there was error or the demand had been paid by other parties, viz., the City of New Orleans or the Parish of Jefferson, the burden of proof in order to defeat the promise was upon the defendant.

But it is further urged that if there is sufficient proof to establish the debt, yet the judgment is erroneous, because the demand for interest at eight per cent. is supported by parol proof only. The parol testimony was received without objection, and there might be reason to think, under the decisions under an analogous article of the Code, that where the proof is received without objection that the court would be authorized to give effect to it as is the case in regard to real estate and slaves. C. C. 2416. 7 An. 33. But on looking into the authorities we find that although writing is not of the essence of the contract to pay conventional interest so far as to prevent a party from interrogating his adversary on facts and articles in relation to such promise, still it prevents the court from considering the testimonial proof of the same. C. C. 2895. 6 M. R. 278. 7 L. R. 523. 3 Rob. 252, and 10 Rob. 119, *Succession of Peytavin.* In this last case the court says, "It is of the essence of legal evidence in support of it" (a promise to pay conventional interest) "that it be written." As the account originated in work done in 1849, and this promise to pay interest is stated in plaintiffs petition to be due from Jan., 1852, it cannot be affected by the statute of that year passed subsequent to the alleged promise, and plaintiff can only recover five per cent. interest from the judicial demand. See case of *Sanders* v. *Carroll et al.*, 11 An.

It is, therefore, ordered, adjudged and decreed by the court that the judgment of the lower court be avoided and reversed, and that the plaintiffs, for the use aforesaid, do recover and have judgment against the defendant for the sum of eight hundred dollars with legal interest thereon from the seventh day of March, A. D., 1855, until paid, and its further ordered that the plaintiffs pay the costs of the appeal and the defendant the costs of the lower court.