(80 South. 610)

No. 23159.

HALLOWELL GRANITE WORKS v. OR-
LEANS.

(Jan. 6, 1919.)

*(Syllabus by Editorial Staff.)*

1. ACCOUNT STATED ⬤═⫸8—CORRECTNESS—ES-
TOPPEL.

In action for balance due on an account
running from January 18, 1912, to January 1,
1916, it was too late for defendant, without
alleging fraud or error, to contend that account,
which had been balanced several times and
closed by his notes to plaintiff, was not correct,
where during such settlements he did not make
any of the complaints urged in defense of suit.

2. INTEREST ⬤═⫸18(2)—RATE—ACCOUNT.

In suit for balance due on open account, a
charge of interest on an average balance at 6
per cent. could not be allowed, in view of judi-
cial rate of 5 per cent., under Rev. Civ. Code,
art. 2924, and as interest does not accrue on
an open account on which payments are made
from time to time and which is not considered
past due.

Appeal from Civil District Court, Parish
of Orleans; Porter Parker, Judge.

Action by the Hallowell Granite Works
against C. A. Orleans. From a judgment re-
jecting its demand for a balance due on an
open account, plaintiff appeals. Judgment
annulled, and adjudged that plaintiff or its
receiver recover a certain amount from de-
fendant, with interest.

Dart, Kernan & Dart, of New Orleans, for
appellant.

Charles J. Theard and Delvaille H.
Theard, both of New Orleans, for appellee.

O'NIELL, J. The plaintiff appeals from
a judgment rejecting its demand for $2,964.-
38, claimed as the balance due on an open
account, with 6 per cent. interest from Jan-
uary 1, 1912.

The statement annexed to the petition, cov-
ering the period from January 18, 1912, to
January 1, 1916, showed charges for material
sold amounting to $11,540.13, and credits for
payments amounting to $9,175.75, leaving a
balance of $2,364.38, to which was added a
charge of $600 for interest at 6 per cent. per
annum for four years on the "average bal-
ance, called $2,500."

In his answer to the suit, the defendant
admitted that he had bought certain ma-
terial or merchandise from plaintiff, but de-
nied that the purchases amounted to $11,-
540.13, and denied generally the correctness
of the statement annexed to plaintiff's peti-
tion. He admitted that he had made the
payments stated in the account, but denied
that they were made on an open account,
and averred that each payment was made
upon a separate and distinct contract or
transaction had with plaintiff. He averred
that, in view of the payments made, he was
not indebted to plaintiff. He denied especial-
ly that he ever owed the alleged balance of
$2,521.13 carried on the account as "balance
due as per account rendered January 18,
1912," and averred that each and every sub-
sequent charge, viz. $4,100, $1,575, $779, $64.-
50, $737, $787, $693, $93.50, and $190, on the
account, was for a separate and distinct con-
tract or transaction. He alleged that plain-
tiff had no warrant or right whatever for
striking an average balance and charging
interest thereon, and that therefore plain-
tiff had no cause or right of action for the
collection of the $600 interest charged on
the account. In that connection, he claim-
ed, in the alternative, that, if plaintiff were
entitled to average interest on the debits,
so would he be entitled to average interest
on the credits shown on the account. He
prayed that plaintiff's demand be rejected
and the suit dismissed.

Plaintiff then, with leave of the court,
amended and supplemented the petition by
alleging, in the alternative, and in the event
that the court should find that there was not

a running or an open account with the defendant, and that each item charged (subsequent to the balance due January 18, 1912) represented a separate contract, the payments made by defendant were on the alleged contracts and the open account and reduced the amount due by defendant to the sum claimed in the original petition. Plaintiff annexed to and made part of the supplemental or amending petition an itemized account, showing every transaction had with defendant from and after January 1, 1906, and alleged that the balance due by defendant on that date, $6,683.96, as shown on the account, was settled by defendant's giving his two promissory notes dated January 2, 1906, for $3,341.98 each, payable, respectively, in 6 and 12 months.

The defendant did not answer the supplemental petition, or amendment, and no objection was made to it.

On trial of the case, the plaintiff introduced in evidence a detailed account of every transaction had with defendant from and after January 1, 1890, and introduced the depositions of the treasurer of the plaintiff corporation, who swore to the correctness of each and every item on the account.

The defendant testified that he was entitled to credit for $786.50 of date July 14, 1915, and he produced and filed in evidence a letter of that date, in which plaintiff acknowledged receipt of a remittance for that sum. Defendant testified that he was entitled also to a credit of $1,400 of date December 16, 1893, and he produced and filed in evidence a letter of that date, in which plaintiff agreed to allow the credit. He produced and filed a letter dated February 24, 1910, in which plaintiff quoted a price of $1,350 on a certain granite tomb; and he testified that plaintiff had charged on the account sued on $1,950 for the tomb, and that he was therefore entitled to credit for the overcharge of $600. He did not dispute or complain of the account in any other particular, and did not offer any other evidence than the three letters referred to, and his own testimony.

In their brief filed in this court, the learned counsel for defendant contend that the first item on the account, "Jany. 1, 1890, Bal. from old ledger, $1,552.58," was not proven. They also contend that defendant was not given credit for $250 for the ninth annual dividend due on his stock in the plaintiff corporation, for which plaintiff agreed to give credit, in a letter dated January 1, 1894.

The sum of defendant's complaints, therefore, if well founded, leaves the plaintiff in debt to him for $2,224.70, for which balance, however, he makes no demand and reserves no claim in this suit.

Our opinion is that there is ample proof that the balance carried over from the old ledger, January 1, 1890, $1,552.58, was correct, and that it is now rather late for defendant to complain that the proof was insufficient. The account for 1890, amounting to $28,861.32, was settled in full on November 3, 1890. In fact the amount of the checks remitted by defendant in 1890 exceeded the charges of that year (including the charge of $1,552.58 balance from old ledger) to the extent of $57.64, and plaintiff remitted to him a check for that sum on November 3, 1890, "to balance acct." Thereafter, on December 2, 1890, defendant bought two granite vaults, one for $3,617.01 and the other for $2,572.99, and again balanced the account by remitting, on December 16, 1890, $3,617, and on December 31, 1890, $2,573. The defendant's dealings were resumed, with a clean sheet, in 1891, and his account, amounting to $9,431.60 for the purchases of that year, was again balanced by his remitting, on December 8, 1891, his check "to bal. acct." The account was opened anew in 1892. The purchases in that year amounted to $8,112 and the remittances

$5,700, leaving $2,412 balance due by defendant, which was carried over to 1893. The purchases in that year amounted to $55,-133.40, and the remittances, $52,642, which (with the balance of $2,412 carried over from 1892) left a balance of $4,903.40 due by defendant, and that balance was carried over to 1894. In that year the purchases amounted to $14,507, on which there was a freight allowance of $1,500, and the plaintiff remitted checks amounting to $17,910.40, thus settling for all purchases of that year and for the balance carried over from 1893 and again balancing the account. In 1895 the purchases amounted to $5,225.85, and the remittances $2,900, leaving a balance of $2,325.85, for which defendant gave a promissory note and again balanced the account. In 1896 defendant borrowed from plaintiff $2,400, for which he gave his promissory note. The purchases of that year amounted to $6,082.32, which, with $58.15 interest on the note of $2,325.85 given in 1895, made a total debit of $6,140.-47, on which defendant made no remittance except his dividend check for $250, leaving a balance of $5,890.47, which was carried over to 1896. Thereafter a balance was carried over every year until 1900, when the account was again balanced. There was a balance carried over from 1901 and from every year thereafter until January 2, 1906, when defendant gave his two promissory notes, for $3,341.98 each, payable, respectively, in 6 and 12 months, in settlement of the balance due, $6,683.96, as shown on the account.

[1] We think it is now too late for defendant to contend, without alleging fraud or error, that the account which was balanced several times and closed by his giving promissory notes was not correct. In fact the account was mailed to him quite often, if not regularly, until and after the date of his last remittance, January 22, 1915; and, although he wrote many letters in making remittances,

he did not make any of the complaints urged in defense of this suit.

Defendant's contention that he was not given credit for the $1,400 for which plaintiff said he would have credit, in the letter dated December 16, 1893, refers to a transaction antedating the several settlements of the account. The letter, however, describes the credit as "for freight bills on the Ford job." And the account shows a credit of $1,500 of date November 2, 1894, for "Extra allowance on freight bills a/c 'Ford' vault." It appears, therefore, that defendant was given credit for $100 more than he claims for that particular item. He did not, while on the witness stand, with the account before him, dispute that he had been given credit for all he was entitled to for freight allowance on that purchase, nor does he contend now that he was entitled to credit for $2,900 instead of $1,500.

Defendant's contention that he is entitled to have credit for a remittance of $786.50, of date July 14, 1915, is founded upon a palpable error in the date of plaintiff's letter acknowledging receipt of the remittance. The letter was undoubtedly written on July 14, 1914, not 1915. It is an acknowledgment of receipt of a letter from defendant dated "July 9th inclosing check for $786.50, of which," says the writer of the letter of July 14th, "$693.00 is in payment for the Villere tomb, and the balance, $93.50, for the Gilmore tablet." The letter written by defendant, inclosing the check for $786.50 and saying it was in payment for the Villere tomb, $693, and for the Gilmore tablet, $93.50, is dated "7/9/14," and the account sued on shows the following credit, viz.: "July 13, 1914, check for Villere tomb and Gilmore tablet, $786.-50." The defendant does not pretend that he remitted twice for that tomb and tablet; and there is no evidence, except the letter dated erroneously in 1915, that defendant made a remittance of $786.50 in July, 1915.

The proof leaves no doubt whatever that the credit of $786.50 acknowledged in the letter dated July 14, 1915, is the same item for which defendant received credit on July 13, 1914.

The overcharge of $600 on the tomb or vault quoted at $1,350 in plaintiff's letter of February 24, 1910, with regard to which defendant testified, is not referred to in the brief filed by his attorneys, and we presume the complaint has been abandoned. It was not well founded, because the record discloses that, nine days after making the quotation and before defendant accepted the offer, plaintiff wrote him, saying the quotation of $1,350 was an error, and should have been $1,950. Four days later, defendant acknowledged receipt of the letter correcting the quotation, and on the following day he accepted the $1,950 proposition, and ordered the vault at that price, with another that had been quoted.

Defendant's complaint that he was not given credit for his ninth annual dividend, due on January 1, 1894, is not sustained. As we have said, the account was balanced and closed several times after 1894. As a matter of fact, however, defendant received credit, on December 29, 1893, for "Div. #9 Hall. Gran. Works, $250," and that is the identical dividend to which he refers in his complaint, and which he consented to have passed to his credit, in a letter dated January 4, 1894. No complaint was made on that score in defendant's testimony.

[2] None of the defenses made to this suit can be maintained except as to the interest charged on the account. Our opinion is that the charge of $600 for "interest on average balance due January 1, 1912, 1913, 1914, 1915, and 1916, called $2,500, at 6 per cent. for 4 years," should not be allowed. As a matter of fact the average balance was only $2,416.50. Of course, a higher rate than the judicial rate of 5 per cent. could not be allowed without a written agreement of the debtor to pay it. Rev. Civ. Code, art. 2924; McLaughlin, Davis & Co. v. Sauve, 13 La. Ann. 99. And even 5 per cent. interest is only allowed on a claim subject to judicial demand, and therefore does not accrue on an open account on which payments are being made from time to time and which is not considered past due. It is true, the defendant, in several letters asking for indulgence, remarked that he was paying 6 per cent. interest, but it is probable that he had reference ·to the fact that he had given notes bearing 6 per cent. interest for a part of the balance he owed. Be that as it may, he did not, in terms, agree to pay interest on average balances.

After the appeal was taken in this case, a receiver was appointed for the plaintiff corporation, and the receiver, Charles B. Paine, of Augusta, Me., was made party hereto as plaintiff and appellant.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the plaintiff, Hallowell Granite Works, or the receiver of said corporation, recover of and from the defendant, Charles A. Orleans, $2,364.38, with interest thereon at 5 per cent. per annum from judicial demand, that is, from March 13, 1916, and all costs of this suit.

DAWKINS, J., takes no part.