No.——

First Circuit

——

ASSOCIATED MILLS CO. v. SMITH

——

(May 8, 1928. Opinion and Decree.)

——

(*Syllabus by the Editor.*)

1.  **Louisiana Digest—Evidence—Par. 351.**
Where plaintiff, suing on an open account fails to prove his case with any degree of certainty or by a preponderance of evidence his demands must be rejected.

Appeal from the Parish of Calcasieu. Hon. Thomas F. Porter, Judge.

Action by Associated Mills Company against L. Smith.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Milling, Godchaux, Saal and Milling, of New Orleans, and McCoy, Moss and King, of Lake Charles, attorneys for plaintiff, appellant.

Robt. R. Stone, of Lake Charles, attorney for defendant, appellee.

LECHE, J. Plaintiff sues for three hundred and eighty-two 50-100 dollars, alleged to be due by defendant on an open account. Its demand was rejected by the trial court and it has appealed.

Plaintiff, a manufacturer's agent, located in the City of New Orleans did a large business with the defendant, a local merchant domiciled in the City of Lake

Charles. Most of the sales made by plaintiff to defendant were transacted by one Watkins, a salesman or employee of plaintiff. In the fall of 1921, differences came about between plaintiff and defendant and it is conceded that these differences arose from the fact that Watkins, who had collected large sums of money from defendant, .was charged to have failed to account, or at least was believed to have failed to account to plaintiff for these collections. In order to adjust the whole matter, plaintiff balanced defendant's account and charged the difference which its books showed as being due by defendant, to profit and loss.

The date of this adjustment is very important. It appears that after the date in question plaintiff continued to do business with defendant and sold him several invoices of goods and merchandise. It also appears that plaintiff received several sums of money from defendant, and the imputation of these payments if applied to the account as it stood prior to the adjustment, would confirm approximately the correctness of plaintiff's claim in the present suit, but if applied to the sales made by plaintiff to defendant, after the adjustment, would show that defendant had fully paid up all that he owed to plaintiff.

F. F. Weller, who owned the business known as the Associated Mills Company, says that the business went into liquidation at some indefinite time shortly after the close of these transactions in the fall of 1921, and that all the books and papers of the concern were turned over to the attorneys of the liquidator. The present suit was filed in May, 1922, but was only tried partly in June, 1924, partly in January, 1926, and submitted in October, 1926. Weller, the only witness in the case, testified in June, 1924, and in January, 1926, and there are several important matters that he could not remember. In fact it was for the purpose of giving him an opportunity to refresh his memory that the taking of his testimony was continued, on June 30, 1924. In January, 1926, Weller again testified and offered in evidence, the books and papers of the plaintiff concern. On his first examination, Weller says that the adjustment was made on November 18, 1921, and the entry in plaintiff's ledger shows the same date, but counsel in argument contend that although the entry was made of that date, the adjustment was in reality made on September 26, 1921, and they advance plausible reasons for this contention on their part. Weller further says that Watkins turned over to the plaintiff, as received from defendant, on November 15, 1921, the sum of one hundred and fifty dollars, and that he made a criminal charge against Watkins on December 22, 1921.

It is unlikely that if an adjustment had been made on September 26, 1921, on the supposition that Watkins was then guilty of fraud towards plaintiff, and this to the knowledge of defendant, that either of the parties would have entrusted him with the power to collect and receive any further sums of money after that date. It clearly appears that the price of the merchandise sold by plaintiff to defendant after November 18, 1921, was fully covered by the payments made by defendant to plaintiff subsequent to November 18, 1921.

After due consideration and summing up the facts, as we can best gather them, we are of opinion that plaintiff has failed to prove its case with any degree of certainty or by a preponderance of evidence. The trial judge was of that opinion, and we fully agree with him in his findings.

For these reasons the judgment appealed from is affirmed.