STILLE & YARBROUGH, Limited, v. MILLER.

No. 4639.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

D. C. Scarborough, of Natchitoches, for appellant.

Stephens & Gahagan, of Natchitoches, for appellee.

MILLS, Judge.

This suit involves only issues of fact, being brought upon an open account amounting to $126.83, for merchandise sold and delivered.

Plaintiff, in support of its demand, beside the account sued on, offers in evidence itemized trade slips made out at the time of purchase and signed by the party making the sale, and the sworn testimony of each seller that he personally sold and delivered the items covered by the slips. The balance of $4.33 brought forward from 1929 is not itemized and is only proven by the testimony of one witness that such a balance existed. Miller claims that the 1929 account was fully paid.

There appears on the account for 1931 items aggregating $5.20, which Mr. Yarbrough admits, and the slips show, were purchased by defendant's grown sons. Yarbrough's statement that he understood they were to be so charged is met by the positive testimony of defendant that he never authorized such charges. The account shows an allowance of $1.75 for some cotton seed and a charge of $2 for a draw knife, which defendant and a son testify was purchased and paid for by the

son. The allowance of these credits reduces the account to $113.55.

 The positive evidence of plaintiff as to all other items is met by the vague testimony of Miller alone that he only owed about $30. He admits that he did a partly cash and partly credit business with plaintiff, and that, when cash was paid, he was given the receipted slips. He produces no such receipts. He could not point out on the account what particular items he claimed to have paid. Such uncertain testimony cannot prevail over the positive evidence of plaintiff, who is only called upon to prove his case by a preponderance of the testimony.

The judgment appealed from by plaintiff allowing it $30, with 5 per cent. per annum interest from April 11, 1929, is amended by increasing the amount to $113.55, with 5 per cent. per annum interest from April 10, 1931, and all costs of both courts. As amended, the judgment is affirmed.