AYRES, Judge.
This is an action on an open account in which plaintiff prayed for judgment in the sum of $509-94. From a judgment in his favor . for $459.94, defendant appealed. Plaintiff answered the appeal, praying that the judgment be increased to the amount claimed.
Plaintiff is a country merchant, owning and operating a grocery store near Man-sura, Avoyelles Parish, Louisiana. Defendant is a tenant farmer living in that vicinity. During 1955 plaintiff furnished defendant with groceries and other supplies. Previous to opening an account with plaintiff, defendant had become dissatisfied with the manner in which another merchant kept this account. He was, therefore, induced to remove his trade to plaintiff’s store. It appears there was an agreement between plaintiff and defendant that defendant would be furnished statements of his account at regular intervals. This plan was not strictly followed and was eventually allowed to lapse altogether. The defendant, however, made no complaints of plaintiff’s failure to furnish such statements during the course of the year, but appears to have completely acquiesced in the course of conduct pursued. That plaintiff’s system of bookkeeping does not conform to the best methods of practice and are thoroughly unbusinesslike is obvious from the testimony and the statements of account filed in evidence; but there was never any real objection by the defendant as to the manner in which plaintiff kept his account.
The record discloses that the practice generally followed was that defendant’s purchases made by him, his wife or members of his family, were checked and totaled on an adding machine slip, the amount of which was announced to the purchaser, who was apparently given the slip, and the amount then and there entered *315 upon the ledger by either plaintiff, his wife, son or daughter, depending upon the one who checked and computed the sales.
Defendant urged no formal objections to the manner in which plaintiff kept his account nor did he pray for oyer of the account or that the account be itemized. During the course of the trial he registered no formal objections in that regard. In brief, however, defendant strenuously urges before this court that plaintiff did not, and could not, adequately establish the account against him for the reason that it was not itemized. Although the account was not kept in accordance with the usual business methods and practices, we are of the opinion that the indebtedness was sufficiently proved. Plaintiff, his wife, son and daughter each testified, or it was stipulated that they would testify, to the correctness of the several charges on the account entered by each of them. Moreover, the statement of the account was finally offered by the defendant and filed in evidence.
Defendant denied liability, first, on the ground that plaintiff did not comply with his agreement to furnish regular statements of account, which in itself would not be sufficient to defeat plaintiff’s claim, and which formality, as hereinabove stated, was waived by defendant, and, second, on the ground that the account is much greater than it should have been. Not having kept any record of his purchases, the defendant was unable to point out any errors in the account. There is not the slightest showing on the part of the defendant by any kind of acceptable evidence or testimony which would justify a diminution of the judgment. Two days were consumed in the trial of this cause in the district court. The witnesses were thoroughly examined, and cross-examined, as to all the charges on the account, from which it developed some clerical errors were made in the computation of the account.
The trial court, after thoroughly considering all the evidence, concluded that plaintiff had established the amount for which judgment was allowed. Although plaintiff has prayed that the judgment be increased to the amount claimed, he has not pointed out any specific error in the court’s computation nor has our review of the record disclosed such an error. The least that may be said, however, is that we find no manifest error in the trial court’s findings and conclusions on the questions of fact involved in this case.
Under these circumstances, we are not justified in modifying the judgment appealed by either increasing or decreasing the amount allowed. Accordingly, for these reasons, the judgment appealed is hereby affirmed at appellant’s cost.
Affirmed.