LANDRY, Judge.
Plaintiff, Benny Mochitta d/b/a Hammond French Market, instituted this action-seeking money judgment against defendant, Charles W. Lemak, Jr., in the aggregate of $995.05, together with interest on the sum of $650.00 thereof at four (4%) per cent per annum from January 1, 1952, until paid,, and attorney’s fees in the amount of Ten (10%) per cent on said principal sum of $650.00 and interest and also together with *569 interest on the remaining sum of $345.05 at the rate of five (5%) per cent per annum from June 27, 1956, until paid, and costs. From the judgment of the trial court rejecting and dismissing plaintiff’s demands, plaintiff has appealed.
The triple demands herein asserted are predicated as follows: (1) The sum of '$650.00 together with interest and attorney’s fees as above indicated is alleged to be due on a certain promissory note in said amount drawn by defendant to the order of plaintiff under date of December 1, 1951. Said note is payable in monthly installments, the due date of which are not stated. It further stipulates interest at the rate of four (4%) per cent per annum from January 1, 1952, until paid, and attorney’s fees in the sum of ten (10%) per cent in the event it is placed in the hands of an attorney at law for collection or is sued upon; (2) The sum of $120.05 is allegedly due plaintiff by defendant as the balance on an open account for groceries; and (3) The sum of $225.00 is reputedly •owed appellant by appellee because of unsecured loans in said amount advanced by .the former to the latter.
Notwithstanding defendant’s answer contains a mere general denial of plaintiff’s claims and makes no plea of payment, during the trial below defendant attempted to prove payment of plaintiff’s claims by means of certain checks made payable to plaintiff personally or to Hammond French Market. Despite timely objection by counsel for appellant to the introduction of said checks the learned trial court nevertheless admitted the checks in evidence subject to counsel’s objection.
On this appeal esteemed counsel for appellant contends the trial court erred in permitting defendant to establish the special defense of payment notwithstanding no such defense was plead in defendant’s answer. Counsel further maintains our learned brother below also erred in failing to hold that the attempted defense of payment constitutes an admission of the debt and concluding the checks offered by defendant were in payment of the accounts despite any indication thereon as to the purpose of the checks and contrary to the evidence which shows said checks were in payment of other transactions between the parties.
Defendant has neither answered the appeal nor has any brief in his behalf been filed before this court.
There appears in evidence the note here-inabove described and an itemized statement of the grocery account the latter commencing August 1, 1951, with a balance brought forward in the sum of $77.67 and showing various charges terminating January 29, 1954. A credit of $50.00 appears on the account leaving a balance due in the sum of $120.05.
In essence appellant testified he and ap-pellee had been friends for many years during which time defendant maintained a charge account at plaintiff’s market. In addition, plaintiff advanced defendant considerable sums of money from time to time as a matter of accommodation. Defendant’s note was given to secure advances in the sum of $650.00 made by plaintiff to defendant in order that defendant might pay certain medical expenses incurred in the treatment of defendant’s wife who was ill. It was agreed the note would be paid at the rate of $50.00 monthly as stated therein and defendant did in fact make two or three payments. Defendant, however, made additional loans for the purpose of attending the funeral of defendant’s father who died in Pennsylvania. In short, appellant testified that whereas defendant made payments on the note, he re-borrowed the amount of such payments and never made any interest payments whatsoever consequently the entire amount of said note is due with interest as stipulated thereon.
With regard to the open account, appellant stated appellee had maintained the account for years and that all payments thereon had been credited thereto with the re- *570 suit the balance of $120.05 sought was due and owing.
As regards the alleged unsecured loans in the sum of $225.00, appellant testified this sum represented loans entirely separate and apart from those made on the note and that no payment has been made thereon. Appellant offered in evidence a check in the sum of $125.00 dated January 15, 1956, drawn on Guaranty Bank & Trust Co., Hammond, Louisiana, to the order of appellant which check was admittedly a payment on the unsecured loan of $225.00 but which check was not honored by the drawee hank because the maker, appellee, lacked sufficient funds on deposit.
Appellee readily conceded the loan of $650.00 represented by the aforesaid note but contended it was paid by the issuance of eighteen (18) checks between February 2, 1952 and December 15, 1955, all payable to plaintiff, Benny Mochitta, personally, totalling the sum of $660.00. These checks, one in the amount of $100.00, five in the sum of $50.00, three for $40.00, one in the sum of $35.00, two in the amount of $30.00, one for $25.00, one for $20.00, two in the sum of $15.00 and two for $20.00, were introduced in evidence despite the objection of counsel for appellant.
Regarding the open account defendant sought to establish payment thereof by the introduction of eleven checks payable to Hammond French Market, May 24, 1952 and July 15, 1954. These instruments, one in the sum of $25.00, three in the amount of $20.00 and seven for the sum of $10.00 were likewise adduced in evidence despite the timely objection of counsel for appellant.
Finally, regarding the alleged unsecured loan of $225.00, defendant in effect concedes making the loan, admits giving the N.S.F. check for $125.00 in payment of a portion of this indebtedness and contends he subsequently gave plaintiff another check for $125.00 in discharge of a portion of said indebtedness which second check plaintiff cashed. Defendant further maintained that he had the cancelled $125.00 check but did not have it with him. He did not offer to produce the alleged honored check for $125.00 nor did his counsel request time to do so.
Assuming the verity of defendant’s testimony in all respects, it would appear that the principal and interest due on the note of $650.00 has not been fully discharged. Appellee claims payments of $660.00 on the note. However with interest at 4% due on the sum of $650.00 from January 1, 1952, until the reputed final payment of December 15, 1955, the $660.00 purportedly paid would obviously not have discharged the indebtedness in full. Assuming defendant’s payment of the sum of $125.00 on the unsecured loan of $225.00 by the professed cancelled check in said amount which defendant assertedly had but did not produce, this would leave a balance due on this account in the sum of $100.00. It is of considerable significance, we believe, that defendant who meticulously produced 29 checks in support of his attempt to prove payment did not produce the cancelled check of $125.00 which he stated he had but did not bring to the trial. It is also highly significant, we think, that defendant did not demand return of the $125.00 unpaid check held by plaintiff when defendant assertedly wrote the second check for that same amount.
Payment of an obligation is an affirmative defense which must be specially pleaded. LSA-C.C.P. Article 1005; White v. Oakes, La.App., 33 So.2d 698; Guidry v. Foolkes, La.App., 13 So.2d 540.
An affirmative defense not specially pleaded may not be proven over plaintiff’s timely objection where the answer of defendant contains merely a general denial. Natchez Pecan Shelling Co. v. Chas. P. Wagner & Bro., Inc., La.App., 70 So.2d 598.
Insofar as concerns the burden of proof incumbent upon appellant under the *571 circumstances shown, introduction of the note sued upon and the testimony of plaintiff to the effect it remained unpaid was sufficient. Moss v. Robinson, 216 La. 295, 43 So.2d 613; and cases therein cited.
Regarding the open account for groceries, the record discloses plaintiff annexed a sworn itemized statement of the account to his petition showing charges and credits as hereinbefore shown. Defendant’s general denial and failure to either expressly plead the affirmative defense of payment or question any item of the account required no further proof on plaintiff’s part. Nevertheless appellant testified at the trial verifying the correctness of the account. In view of such circumstances, the account must be deemed proven. Drouin v. Marks, La.App., 92 So.2d 313.
The unsecured loan of $225.00 was testified to by appellant and admitted by appellee notwithstanding the general denial contained in defendant’s answer. Considering this state of the record no further proof thereof was required of appellant. Moreover, the attempted defense of payment inferentially acknowledged contraction of the indebtedness. Guidry v. Foolkes, La.App., 13 So.2d 540.
In view of the circumstances attending the instant case we conclude our esteemed brother below erred as a matter of law in permitting defendant to offer proof of payment of the accounts herein sued upon over appellant’s objection and in the absence of a special plea of payment. LSA-C.C.P. Article 1005.
Plaintiff having proven the accounts is entitled to judgment for the amounts claimed.
Although plaintiff seeks interest on the open account and unsecured loan from June 27, 1952, until paid, interest thereon is allowable only from date of judicial demand, namely, June 7, 1961. LSA-C.C. Article 1938; Hallowell Granite Works v. Orleans, 144 La. 419, 80 So. 610; Levings-ton Supply Co., Inc. v. Basso et al., La.App., 164 So.2d 141.
Accordingly, it is hereby ordered, adjudged and decreed the judgment of the trial court rejecting and dismissing appellant’s demands be and the same is hereby annulled, reversed and set aside and judgment rendered herein in favor of plaintiff-appellant, Benny Mochitta d/b/a Hammond French Market, and against appellee, Charles W. Lemak, Jr., in the full sum of $995.05, together with interest on the sum of $650.00 thereof at four (4%) per cent per annum from January 1, 1952, until paid, and attorney’s fees in the amount of ten (10%) per cent of said principal sum of $650.00, and interest on the remaining sum of $345.05 at the rate of five (5%) per cent per annum from June 7, 1961, until paid, and all costs of these proceedings.
Reversed and rendered.