ELLIS, Judge.
This is a suit on open account in which plaintiff was originally seeking to recover the amount of $6,781.33, the amount allegedly due him for dirt and broken concrete delivered to defendant, together with certain other items which were either paid for on behalf of defendant or purchased for defendant’s benefit.
Defendant’s answer was essentially a general denial but contained a specific allegation that plaintiff had failed to furnish signed delivery tickets for some of the alleged deliveries of dirt and broken concrete.
After the case was taken under advisement by the district court, the defendant deposited the sum of $3,043.55 in the registry of the Court, admitting that it owed plaintiff that much money.- Shortly thereafter, the district judge rendered judgment in favor of plaintiff for that amount. From that judgment, plaintiff has taken this appeal.
Plaintiff now admits that four items of his claim, totalling $159.41 were not sufficiently proved. We were unáble to find any proof in the record relative to a claim for gasoline and oil sold by plaintiff to defendant which totals $114.74, or for $36.13 of the amount paid by plaintiff to C. Broussard for defendant’s account.
The main bone of contention here relates to deliveries of dirt and broken concrete, between September 7, 1961, and October 23, 1961, which amounts to a total claim of $3,436.50. Plaintiff admits that he lost his copies of the delivery tickets for this period when he moved his office. Plaintiff was, therefore, able to offer only his own books in support of this portion of the claim. Plaintiff’s bookkeeper testified that he had prepared the books from the original delivery tickets in the ordinary course of business, but that the delivery tickets had apparently been lost or burned at the time the office was moved. Defendant objected to the admissibility of the records under the provisions of Article 2248 of the Civil Code, which provides that books of merchants can not be used in evidence in their favor but may be used as evidence against them. Plaintiff, on the other hand, claims that, where primary evidence has been inadvertently lost or destroyed, secondary evidence, which would then be the best evidence, may be received in support of plaintiff’s claim.
In the case of Crosby v. Little River Sand and Gravel Development, 212 La. 1, 31 So.2d 226 (1947), the Supreme Court found that plaintiff’s job sheets were admissible in evidence, although the job cards, which were the original records, had been destroyed. In that case, the Court noted the fact that the sheets had *84 been posted from the job cards, and that there was no evidence of fraud or ill practice in connection with the destruction of the job cards themselves. They held that under the circumstances, the rule of Article 2248 did not apply.
In this case, there is no indication of fraud or ill practice on the part of plaintiff. Neither does the defendant deny that the dirt and concrete were delivered to him as claimed. His position is merely that he does not want to pay for anything for which plaintiff cannot produce a signed delivery ticket.
Plaintiff’s bookkeeper testified that he prepared the ledger sheets from the original delivery tickets in the ordinary course of business. The ledger sheets show how many loads of dirt were sold, but not to whom the loads were sold. However, there is also in evidence a handwritten statement showing the amounts of the daily deliveries made to defendant. The bookkeeper testified he prepared this statement as well, and that it was prepared from the original delivery tickets and was true and correct. Under the rule of the Crosby case, the statement should have been considered by the trial court as competent evidence.
Under the peculiar circumstances of this case, and in view of the fact that there is no evidence of fraud or ill practice on the part of plaintiff, or any affirmative denial on the part of the defendant that the dirt claimed was received by him, and in view of the rule announced by the Supreme Court in the Crosby case, we are of the opinion that plaintiff has made out his case by the preponderance of the evidence as to the dirt delivered between September 7 and October 23, 1961.
For the foregoing reasons, the judgment appealed from will be amended by increasing the amount thereof to $6,471.05, which is the amount sued for less $159.41 admitted by plaintiff as not having been proven, and $150.87, which we find as not having been proven, subject to a credit for the sum of $3,043.55 already deposited, and as amended, it is affirmed. All costs of this appeal are to be paid by defendant appellee.
Amended and affirmed.