BAILES, Judge.
Plaintiff brings this suit seeking judgment against the defendant, B. A. Rembert, in the sum of $1,064.13, the balance alleged to be due on defendant’s open account with Trans-Air Corporation (Trans-Air). The amount represented charges incurred by defendant during the period September 29, 1962, to December 1, 1964, for services rendered by Trans-Air for defendant’s airplane which was based and maintained at Trans-Air facilities in Houma, Louisiana. From a judgment in favor of plaintiff in the sum of $999.10, defendant prosecutes this suspensive appeal praying for reversal. We find the plaintiff is entitled to judgment, however, the amount awarded is excessive and must be reduced to the sum of $637.68.
The suit was originally brought in the name of Trans-Air Corporation but by supplemental pleadings John L. Freiberg, assignee of the account, was substituted as party plaintiff. In response to the petition defendant filed an answer of general denial. This answer was amended by stipulation at the trial to include, in the alternative, pleas of payment and prescription. The trial court found that the plaintiff proved the existence of the open account as claimed subject to a credit of $65.03, and that defendant’s plea of prescription was without merit inasmuch as a payment had been made on the account less than three years prior to the institution of the instant suit. Defendant questions both of these determinations by this appeal.
The primary question presented to us is the sufficiency of the proof offered by plaintiff in support of his cause. In order to sustain an action on an open account a plaintiff bears the burden, as he does in any civil matter, of proving his demand by a preponderance of the evidence. Associated Mills Co. v. Smith, 8 La.App. 400; Stille and Yarbough, Ltd. v. Miller, La.App., 150 So. 431. This means simply that every allegation required to establish a legally enforceable open account must be supported by evidence of greater weight than that produced to disprove the account.
The basic allegations of the petition before us are that between September 29, 1962, and December 1, 1964, the Trans-Air rendered services to the defendant on the dates and for the charges shown on an annexed statement of account, the correctness of which was attested by affidavit of the president of the corporation; that defendant had made certain payments as shown on the statement of account but had failed to pay the balance of $1,064.13 due on the account; and finally, that plaintiff, John L. Freiberg, was as-signee of the account.
Plaintiff testified that he was president of Trans-Air, that the defendant, B. A. Rembert, did business on an open account with Trans-Air and that upon dissolution of the corporation this account was distributed to him.
*106 At this point, Mrs. Marie Bailey, was called for the plaintiff. She testified that she was employed by Trans-Air as bookkeeper during the period in question and that as part of her duties she posted the debits and credits to the Rembert account. She explained that the debits were posted on the ledger cards on which the account was maintained from the numerical file copies of sales invoices and that credits were entered from cash receipt records. She testified further that each entry on the four ledger cards introduced into evidence were correct reflections of the debits and credits to the account and that the balance due on the account was in the sum of $1,064.13.
The testimony of these two witnesses was sufficient to establish a prima facie case for the plaintiff. The burden then devolved upon the defendant to disprove the existence or correctness of the account, in whole or in part. Frierson Co., Inc. v. Murray, La.App., 190 So. 132; Drouin v. Marks, La.App., 92 So.2d 313; Mochitta v. Lemak, La.App., 165 So.2d 568.
Defendant argues that plaintiff’s prima facie case has been overcome in several ways. First, based on the testimony elicited during the cross examination of Mrs. Bailey, defendant contends that Mrs. Bailey was “unfamiliar with the plaintiff’s accounting procedures, or that the plaintiff had no established accounting procedures,” thereby discrediting either the testimony in support of the account or the account itself. Without recital of this testimony in detail, it is sufficient to state that, though plaintiff’s accounting practices may not have conformed to the highest standard or employed the best methods, the procedures used and Mrs. Bailey’s knowledge thereof were not so discredited as to warrant rejection of either. Any minor inconsistencies in the account or in Mrs. Bailey’s testimony were explained to our satisfaction.
Secondly, defendant called as a witness on cross examination Mr. Harrell Willis, who, during the time in question, was manager of the Trans-Air facilities in Houma. He testified that the defendant based his airplane at the Trans-Air hanger and bought fuel, supplies and maintenance service. He prepared the invoices from which the Rembert account was debited but the account was maintained in New Orleans. Based on a general knowledge of defendant’s purchases and the payments made directly to Mr. Willis, the latter stated that he felt that on occasion defendant was billed for more than he owed. The witness admitted he had no specific knowledge of the exact status of defendant’s account and we feel his testimony on this last point is best summed up by the following exchange:
Q. What was Mr. Rembert’s account situation ?
A. It was, I can’t say specifically, because you are talking about a few years back, which I can’t remember that far back, but it was in dispute you might say.
Q. What does that mean ?
A. Well, in other words, I think he was getting billed for more than what he thought he owed.
This testimony in no way disproves the account. At most it simply substantiates the testimony of plaintiff and Mrs. Bailey that the account was disputed by defendant prior to the institution of this suit.
Third, defendant introduced into evidence eight sets of invoices and testimony showing payment by him of the debts represented thereby. The payment of these invoices was not contested. In the case of two of the sets, however, no credit was posted to defendant’s account. The failure to post one of these credits was explained. Mrs. Bailey testified that the transaction represented by the invoices was treated as a cash sale. Defendant’s account was never debited in the amount of the invoices (the invoice numbers do not appear on the ledger cards) and thus the *107 payment could not be credited. The other set of invoices, amounting to $65.03, payment of which was proved and for which no credit appears on the account though the invoices were debited by number, was not explained. A deduction of this amount from the amount claimed by plaintiff was properly made by the trial court. We do not feel that this error in the account is sufficient to discredit the whole.
Under these circumstances we find, as did the trial court, that the evidence preponderates in favor of the plaintiff. Defendant failed to sustain the burden of proving his general denial or to offer proof of sufficient weight to overcome that offered by the plaintiff. Defendant did, however, prove payment of $65.03, which was not credited to his account by plaintiff. We conclude, therefore, that plaintiff has proved that the balance due on defendant’s account is $999.10.
There remains only the question presented by defendant’s alternative plea of prescription. The contention is that debits entered on the account prior to three years before July 7, 1966, the date suit was filed, are subject to the liberative prescription provided by LSA-C.C. Art. 3538. The statement of account in evidence reflects the entry of payment credits at various times beginning June 3, 1963, with the last being entered under the date of August 21, 1964. Defendant argues that these payments were imputed by him to specific invoices thereby preventing interruption of prescription on the balance of the account. Plaintiff contends that the payments were made on account and therefore interrupted prescription.
Prescription of the balance due on an open account begins to run from the date of the last credit entry on account. Frierson Co., Inc. v. Murray, La.App., 190 So. 132. However, a debtor on an open account may impute his payments to specific items on that account. Electrical Supply Co. v. Eugene Freeman, Inc., 178 La. 741, 152 So. 510. Such imputed payments do not interrupt the tolling of prescription on the balance of the account. LeBoeuf v. Riera, La.App., 176 So.2d 216.
Whether a debtor has imputed his payments to specific items on an account or made a general payment on account presents a question of fact. The factual situation surrounding the administration of this account leads us to the conclusion that the payments made by defendant were made on specific invoices and not as general payments on account.
The statement of account herein reflects ten different credit entries. At the time of entry of each of these credits there was a balance of several hundred dollars remaining due on the account. None of the payments evidenced by these credit entries are in even amounts as might be expected if a partial payment was being made on an open account balance totaling several hundred dollars. In fact, each credit can be matched with the sum of several invoices debited on the ledger and in most cases these several invoices are the total debited in a given month. In addition, the sets of invoices introduced into evidence by the defendant to prove payment of the account are arranged in the following manner. Each set contains a number of invoices dated on different days in one month. On top of each of these several invoices is another invoice or an adding machine tab on which the total charges for the entire set are recapitulated. In the sets where the extra invoice was included that invoice was marked “bill.” The total amount shown as due by each of these recapitulations is, to the penny, the same amount as a credit shown on the account ledger cards except in one case in which the credit was for ten cents less than the total of the invoices. Mr. Willis and the defendant testified that the above described sets of invoices were the monthly bills rendered to defendant by Mr. Willis and that payment was made by defendant in the exact amount shown on each of the sets. It should be pointed out that in no case do *108 these “bills” reflect a balance due on account. Neither is there testimony that any other bill was ever rendered to defendant. The manner in which these charges were billed to defendant and the manner in which they were paid constitute a sufficient manifestation of intent on the part of the defendant to impute his payments to the invoices included in each “bill.”
Mrs. Bailey, plaintiff’s bookkeeper, testified that she attempted to correlate the credits with certain invoices but could not because defendant sometime paid on open account. Such correlation may have been difficult since the payments were not made in chronological order in relation to the debits on the account ledger but this cannot overcome defendant’s imputation of the payments to specific invoices and permit plaintiff to impute payment to the open account. As we view the situation the difficulty arose because there were no established procedures for Mr. Willis, the manager of the Houma branch of Trans-Air, to communicate to the New Orleans bookkeeper that a payment by defendant was on specific invoices. Credits were posted by Mrs. Bailey from cash receipt records which apparently did not reflect the true status of the manner in which the account was actually being handled by Mr. Willis. Defendant’s intention to pay the specific invoices included in a “bill” was manifest, a fact known by plaintiff’s agent in Hou-ma since several of the sets of invoices were marked “paid” and signed by Mr. Willis, and failure of plaintiff’s bookkeeper to be aware of this fact can in no way prejudice the effect of defendant’s imputation of payment.
Plaintiff also argues that defendant saw the ledger account several times and must have been aware that his payments were credited against the balance of the account and not against specific invoices. This contention ignores the fact that defendant had an absolute right to impute his payments to certain items on his account, a right which he had in fact exercised. A creditor has no right to impute a payment made by his debtor to an open account when the debtor has exercised his right to impute the payment to a particular item on that account.
Plaintiff offered no evidence of any payment by defendant which was made on open account except the testimony of Mrs. Bailey that when she could not match the payments with specific debits she just credited the general open account. This action on the part of the creditor was not permissible when the debtor had manifested his intent to impute his payments to specific invoices and the creditor’s agent was aware of and accepted payment on this basis. We find that all payments made by defendant were imputed by him to specific items on his open account with plaintiff. The account shows total debits of $361.42 entered prior to July 7, 1963, the date three years before this suit was filed. No payment having been made on account for three years the claim for that sum has prescribed. The trial court was in error to hold otherwise.
The plaintiff has proved an open account with defendant with a balance of $999.10, of which defendant has proved $361.42, has prescribed.
For the foregoing reasons, the judgment of the trial court is amended by reducing the amount awarded in favor of the plaintiff, John L. Freiberg, and against the defendant, B. A. Rembert, to the sum of $637.68, together with legal interest thereon from date of judicial demand until paid. Plaintiff is cast for the cost of this appeal; all other court costs to be paid by defendant.
Affirmed in part, reversed in part and rendered.