STOKER, Judge.
This is a suit on an open account in which the plaintiff-appellee, Lipstate Creative Services, Inc., sued the defendant-appellant, Mary Regan for the sum of seventeen thousand sixty-three hundred and 70/100 ($17,-063.70) dollars. The defendant suspensively appealed from a judgment of the trial court in favor of the plaintiff. We affirm.
Mary Regan was one candidate in a field of four candidates for the Louisiana State House of Representatives, District 44 in the latter part of 1979. Mary Regan retained Lipstate Creative Service, Inc., to handle her media campaign and provide other services usual for an advertising agency in a political campaign. Mary Regan finished second place in the field of four and thus ran in the general election for this seat. She continued consulting with Lipstate Creative Services, Inc., in this general election. Mrs. Regan was defeated in the general election. The total cost of the services provided by Lipstate to Mary Regan for the entire campaign amounted to $38,139.06 of which $17,063.70 remained unpaid at the conclusion of the campaign. Of this amount, $2,704.44 was carried over from the first primary and the remaining $14,359.26 was attributable to the general election. Formal demand was made for payment of this account by certified letter. Mary Re-gan refused to pay this amount and takes the position that the services provided in the general election by Lipstate were donated; or alternatively, that the charges *345 were unjustified. This lawsuit was subsequently tried, with the trial judge awarding judgment to the plaintiff-appellant, Lips-tate Creative Services, Inc., in the amount of $17,063.70 with attorney fees in the amount of $4,365.00.
The defendant-appellant contends that the trial court erred in rendering judgment in favor of plaintiff-appellee on the grounds there was insufficient proof to support such a judgment. We disagree.
The plaintiff-appellee had entered into an oral contract with the defendant-appellant for the former to provide public relation services. The appellant contends that a portion of these services provided by appel-lee were donated. Louisiana Civil Code article 2232 provides the following:
“He who claims the execution of an obligation must prove it.
“On the other hand, he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation.”
Louisiana Civil Code article 2277 further provides:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
The law on the plaintiff’s burden of proof in such a case was discussed in Freiberg v. Rembert, 213 So.2d 104 (La. App. 1st Cir. 1968), at page 105:
“In order to sustain an action on an open account a plaintiff bears the burden, as he does in any civil matter, of proving his demand by a preponderance of the evidence. (Citations omitted.) This means simply that every allegation required to establish a legally enforceable open account must be supported by evidence of greater weight than that produced to disprove the account.”
An examination of the record reveals that plaintiff did indeed meet his burden of proof in establishing an open account. Jo Ann Lipstate testified at trial that she was president and sole owner of Lipstate Creative Services, Inc., at the time services were rendered to Mary Regan. She further testified about her initial contact with Mary Regan, their discussion of the services to be provided for the campaign and anticipated costs of these services, and her involvement in the campaign. Simone Restrepo, an employee of Creative Services, testified that she had contracted for media advertising on behalf of Mrs. Regan and that she supervised the billing for Mrs. Regan’s campaign. She identified the invoices which were prepared for Mrs. Regan, the supporting documentation, and the ledger sheets which she had also prepared for Mrs. Regan’s account. These documents were all admitted into evidence.
There is no dispute as to the fact that plaintiff performed substantial services for Mary Regan following the first primary which were directed toward the run-off in the general election. There is' no question that Mary Regan knew plaintiff was buying media time on her behalf, and charges for this time form part of the debt sued upon. In the trial of this case appellant sought to show that the charges for various services were excessive or above customary charges but she adduced no convincing proof in support of this contention. Appellant also sought to show that the quality of plaintiff’s services was poor. Only unsupported opinion was adduced in this regard, but in any event, there is no proof that plaintiff was not entitled to be paid for its services. We find that the evidence was sufficient to establish the existence of an open account. The trial court was not clearly wrong in its finding in this regard.
After a creditor has established a prima facie case against a debtor on an open account, the burden devolves upon the debtor to disprove the existence or correctness of the account. Freiberg v. Rembert, supra. Defendant contends that plaintiff’s prima facie case was overcome in that the *346 evidence indicates that the services rendered after the primary election were donated. We disagree.
Appellant bases her contention concerning the donation of services on a statement by Jo Ann Lipstate. In the run-off primary when it became necessary to buy media time and incur other expenses, Mary Re-gan’s campaign fund was depleted. Jo Ann Lipstate then advised appellant that her corporation would “cover” or “carry” her. The clear implication of this assertion is that Lipstate Creative Services, Inc., would grant Mary Regan credit for services rendered and for advances made for the purchase of media time and other expenses incurred on appellant’s behalf. There was no intention to donate these services. Plaintiff continued to bill Mary Regan and no complaint was made. Appellant’s true attitude and belief concerning the debt sued on is indicated in the election campaign finance disclosure statements filed by her in compliance with law. Her reports filed after the general election show an amount almost equal to the unpaid amount sued on as an outstanding debt owed to Lipstate Creative Services, Inc.
The plaintiff-appellee has answered this appeal asking for additional attorney fees to cover the defense of this appeal. We hereby grant the plaintiff-appellee an additional award of attorney fees in the amount of five hundred dollars ($500.00).
For the above and foregoing reasons the judgment of the trial court in favor of the plaintiff-appellee Lipstate Creative Services, Inc. is hereby amended to increase the award of attorneys fees from four thousand three hundred sixty-five dollars ($4,365.00) to four thousand eight hundred sixty-five dollars ($4,865.00). In all other respects the judgment is affirmed. All costs are taxed to the defendant-appellant.
AMENDED AND AFFIRMED.