432 So.2d 419 (1983)
CARDINAL WHOLESALE SUPPLY, INC.
v.
RAINBOW FLOOR COVERING, INC., et al.
No. 82 CA 0791.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*420 Clarence F. Favret, Jr., New Orleans, for plaintiff-appellant.
A. Wayne Buras, Covington, for defendant-appellee.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
The dispositive issue in this case is whether or not plaintiff's evidence is sufficient for a favorable judgment. Since we conclude the trial court erred in refusing to allow plaintiff to introduce the ledger cards which reflected the balance of the account, including all pertinent credits and debits, we reverse and grant judgment in favor of plaintiff.
Plaintiff, Cardinal Wholesale Supply, Inc., brought suit for $12,866.93 as the balance due on open account for merchandise sold and delivered to defendant, Rainbow Floor Covering Co., Inc. Also made defendants were Edward J. LeBlanc, Jr. and Duke G. Collins, the principals and personal guarantors of the defendant corporation. The defendants filed general denials, with the individual defendants also alleging their personal guaranty had been revoked.
At trial, the credit manager for Cardinal, Gabe Garrido, testified he had made all the entries against Rainbow's account and all the records concerning the account had been made under his supervision and control. He identified the ledger cards which reflected a balance of $12,866.93 as well as the invoices which affirmed the ledger entries. The trial court pursuant to defendants' objection, refused to allow the ledger cards into evidence on the ground they failed to prove the goods had actually been delivered. Plaintiff failed to introduce into evidence delivery receipts which had been signed by defendant, though Mr. Garrido testified he had them at his office and could have brought them had he known they were necessary. However, Mr. Garrido testified the invoices, which were allowed into evidence by the trial court for the purpose of showing the transactions occurred, showed the date the materials were delivered, except for a couple of them which involved factory shipments.
Mr. Garrido also identified the personal guaranty of defendants Collins and LeBlanc which was dated November 11, 1978 and the revocation of the guaranty which was received by plaintiff on April 23, 1981. Mr. Garrido testified the current balance due reflected charges which were made while the guaranty was in effect. Mr. Garrido further testified he had always dealt with Mr. LeBlanc at Rainbow and Mr. LeBlanc had never denied the balance was correct, though he had received a written statement over thirty days prior to the date the suit was filed. Mr. LeBlanc testified he could not recall ever disputing the amount of the balance, though he never acknowledged it either. He testified that sometimes the invoices he got from Cardinal were incorrect, though he did not dispute any invoice in particular.
At the close of the trial, plaintiff moved for a dismissal without prejudice, due to the trial court's belief that the delivery receipts which plaintiff failed to produce were an essential element in proving plaintiff's case. The trial court took the matter under advisement, giving counsel the opportunity to submit memoranda on whether or not the dismissal without prejudice should be granted. Judgment was subsequently rendered dismissing plaintiff's suit with prejudice. From this judgment plaintiff appeals, alleging as error the failure to grant the dismissal without prejudice, the refusal to allow *421 the ledger cards into evidence, and the court's failure to grant judgment in favor of plaintiff on the basis of the facts in the record.
La.Civ.Code art. 2232 provides as follows:
"He who claims the execution of an obligation must prove it.
"On the other hand, he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation."
La.Civ.Code art. 2277 provides:
"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
In Freiberg v. Rembert, 213 So.2d 104 (La.App. 1st Cir.1968), this Court addressed the plaintiff's burden of proof in suits on an open account:
"In order to sustain an action on an open account a plaintiff bears the burden, as he does in any civil matter, of proving his demand by a preponderance of the evidence. (Citations omitted.) This means simply that every allegation required to establish a legally enforceable open account must be supported by evidence of greater weight than that produced to disprove the account." 213 So.2d at 105.
Although the ledger cards identified by plaintiff's credit manager were not allowed into evidence at trial, they are in the appellate record on a proffer. We have examined the ledger cards and find them to be relevant and material evidence in establishing plaintiff's case. The only objection made to their introduction was that they failed to establish the goods were actually delivered. However, the invoices, which were admitted into evidence, are probative of delivery since they bear the date of alleged delivery of the goods. With respect to proof of delivery, Entron, Inc. v. Callais Cablevision, Inc., 307 So.2d 787 (La.App. 1st Cir.1975), states:
"In a suit on open account, where the record shows that books were kept in the normal course of business and indicated that merchandise has been sold and delivered, proof of actual delivery of each individual item is not required of a vendor. Such testimony makes out a prima facie case which shifts the burden upon the purchaser to show a lack of receipt or delivery." 307 So.2d at 793, 794. (Citation omitted.)
The ledger cards or statement of account cards are relevant and material. Since they were kept in the normal course of business so that they were not inadmissible as hearsay (see Talley v. Duplantis, 213 So.2d 82 [La.App. 1st Cir.1968]), they should have been admitted into evidence. Considering Mr. Garrido's testimony along with the invoices and the ledger cards showing a statement of the account with all pertinent credits and debits, we conclude the evidence was sufficient to satisfy the burden of proof requirements of La.Civ. Code art. 2277. See Shear v. Castrinos, 327 So.2d 558 (La.App. 4th Cir.1976).
Once a prima facie case has been established by a plaintiff-creditor in a suit on an open account, the burden of proof shifts to the debtor to disprove the existence or correctness of the account. See Freiberg, supra. Defendants did not expressly deny delivery and did nothing to prove a lack of delivery of the goods. The only defense offered was that the invoices from plaintiff sometimes contained errors as to dollar amounts, though no specific error was alleged or proven. Defendants also contended a discount was sometimes given, so that the amount owed as reflected by the invoices was sometimes discharged by payments of a slightly decreased amount. However, the fact that a discount for timely payment was allowed in the past does not prove the account is incorrect. Since defendants have failed to show the account does not exist or that it is not correct or that it has been discharged, plaintiff is entitled to judgment.
*422 La.R.S. 9:2781 provides that when a person fails to pay an open account within 30 days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. We find this statute to be applicable here, and we conclude an allowance of twenty-five percent for attorney fees is reasonable. See Monlezun v. Fontenot, 379 So.2d 43 (La.App. 3d Cir.1979).[1]
For the above reasons, the judgment of the trial court is reversed and judgment is rendered in favor of plaintiff, Cardinal Wholesale Supply, Inc., and against defendants, Rainbow Floor Covering, Inc., Edward J. LeBlanc, Jr. and Duke G. Collins, in solido, for the principal sum of $12,866.93, plus legal interest thereon from the date of judicial demand until paid, twenty-five percent of principal and interest as attorney fees, and for all costs of these proceedings.[2]
REVERSED AND RENDERED.
NOTES
[1] The guaranty document signed by the individual defendants also provides for a reasonable attorney fee under the circumstances of this case.
[2] Having found sufficient facts in the record to warrant judgment on the merits, we need not consider the alleged error of the trial court in failing to grant a dismissal without prejudice. See, La.Code Civ.P. art. 2164.