HARDY, Judge.
This is a suit for the recovery of the sum of $1,206.75, alleged to be the balance due on a contract, in which plaintiff prays for judgment in solido against the principal obligor and his two guarantors. In answer defendant Moore admitted his indebtedness in the sum of $455.84, and prayed for judgment rejecting plaintiff’s demands in excess thereof. From a judgment in favor of plaintiff in the amount of $831.29 all parties, plaintiff and defendants, have appealed.
It is conceded by counsel for all parties litigant that this case involves exclusively a question of fact. The district judge did not give written reasons for judgment, but it is evident, from a comparison of the amount claimed by plaintiff and the amount admitted by defendant, that the judgment *528 represents a compromise figure of exactly one-half of the difference between these two amounts.
By written agreement dated March 3, 19S4, the defendant, Dewey W. Moore, entered into a contract with plaintiff, The J. R. Watkins Company, to which contract the other defendants in this action, namely, Jack Batton and J. B. Patterson, appeared as sureties for Moore. Under the terms of the contract Moore agreed to purchase merchandise from plaintiff at wholesale prices, which merchandise was to be resold at prices fixed by the defendant, Moore. Payment for merchandise purchased was to be made in accordance with the provisions of the contract, which instrument further provided for the termination thereof by either party upon notice in writing. During the months of March, April, May, June, July, August and October of 1954, defendant purchased sundry articles of merchandise up to a total charge of $3,378.75. During the months of March, April, May, June, July, August and December of 1954 defendant remitted, in cash, to plaintiff sums totaling $1,480.21, leaving a balance of $1,898.54 on his account.
It appears that after the first week of October, 1954, Moore made no further sales of plaintiff’s products, and, by letter dated January 21, 1955, plaintiff gave notice to Moore of the termination of his contract. In this letter of notification plaintiff included a statement of account showing the balance due, which statement was amplified by a letter of March 4, 1955, advising Moore that his account had been audited and reflected a balance of $1,898.54. By letter of January 25, 1955, plaintiff notified Moore that his reports indicated a substantial amount of unsold goods on hand and further advised that under the terms of the contract unsold goods could be returned for credit in accordance with the contractual provisions. The contract required that the purchaser, in this case the defendant, Moore, was accorded a period of thirty days after the termination of the agreement to return, by prepaid freight, any unsold goods purchased from the plaintiff company, and the said company agreed to repurchase such goods as might be in as good condition as when originally delivered. The contract further provided that any goods not in a saleable condition would be restored by the company, if possible, at a reasonable charge.
After considerable correspondence between the parties, over a period of some six months, the defendant, Moore, finally consigned to plaintiff, by freight, charges collect, a quantity of unsold merchandise. The shipment, aggregating 2,950 pounds gross weight, comprised a total of 87 cartons and one drum of merchandise. This shipment was duly received by plaintiff, the merchandise unpacked, examined and classified. A quantity of the merchandise was rejected as unsaleable by reason of deterioration and damage, and some of the merchandise was restored to a condition which, in plaintiff’s judgment, would justify resale. Under date of August 9, 1955, defendant, Moore, was credited with the value of the returned merchandise to the extent of $802.44, less charges for restoration, repackaging and freight, which reduced the net amount of the credit against the balance due on Moore’s account to the sum of $691.79. After application of this credit, Moore’s account showed a balance due to plaintiff of $1,206.75, which is the amount for which plaintiff sued.
The evidence in support of plaintiff’s claim consists of a 48-page deposition, in-answer to interrogatories and cross-interrogatories, of Mr. Ralph G. Boalt, Vice-President of the plaintiff company, in connection with which testimony some 122 exhibits were filed. Additionally, a brief deposition of Donald W. Mattson, the comptroller in charge of plaintiff’s books of general account, was introduced in evidence.
The testimony of the witness, Boalt, is most detailed, and the exhibits introduced in connection therewith reflect a comprehensive picture of plaintiff’s records with respect to its business relations with the defendant, Moore.
*529 The only defense which is urged against plaintiff’s claim relates to the value of the merchandise returned on behalf of defendant, Moore. It is contended that he should have received credit in the sum of $1,442.-70, which would have served to reduce his balance due on account to the figure of $455.84, which he admits to be owing. In support of this defense the record includes the testimony of the defendant, Moore, and his wife, together with a five-page penciled memorandum list of the articles of merchandise included in the shipment of July 15, 1955.
We are of the opinion that the testimony of a capable certified public accountant would have been desirable on trial of this case in making an accurate reconciliation of the conflicting claims of the parties to this litigation. However, such testimony was not offered and no detailed representations have been made by counsel for either party in briefs filed before this court. As a result we are here called upon to adjudge between the weight and merit of the testimony of the officials of plaintiff’s company and the testimony of the defendant and his wife. Unfortunately, no evaluation of this testimony was made by the district judge, and it is evident, from his judgment in splitting the difference between the parties, that he did not accept, in toto, the testimony on either side of the controversy.
We have examined, with considerable patience, the intricate records of account between the parties. Some light has been thrown upon the matter as the result of this examination. It is to be noted that defendant, Moore, despite the fact that he received notice from plaintiff company of the receipt of the shipment of returned merchandise and the credit allowed thereby, by registered mail on August 13, 1955, made no objection to the amount of such credit and asserted no right to a reduction of the balance of $1,206.75 until after the institution of this suit on May 8, 1956. On the contrary, the defendant, Moore, on several occasions, in correspondence directed to the plaintiff, iterated his willingness to pay his account. In support of his intention to pay, Moore, at one time, advised plaintiff that he had settled a lawsuit from which he expected to receive funds sufficient to discharge his indebtedness; at another time that his wife proposed to sell some property in order that he might obtain funds to discharge this account, and, again, that he would pay any difference remaining, after these sources had been exhausted, out of his earnings as soon as his health would permit him to return to work. These representations of Moore are highly inconsistent with his later complaint about plaintiff’s failure to properly credit his account for the full value of the merchandise returned.
The evidence upon which Moore relies, without any reflection upon the good faith of Moore or his wife, is not sufficient to overcome the case made out by plaintiff. It was testified by these witnesses that much of the merchandise returned to plaintiff was in the original cartons. The conclusion is therefore inescapable that these witnesses could have had no real knowledge as to the actual condition of such merchandise at the time of its return. The very nature of a great part of the goods handled indicates a loss by deterioration. There is also much to be desired in the way of certainty in connection with this testimony. It appears that the actual listing of the merchandise was made by telephone communication between husband and wife, and the possibility of error is evident.
On the other hand, plaintiff has established, in meticulous detail, the quantities, condition and value of the returned merchandise. Objection is made by counsel for defendants that plaintiff’s evidence in this respect is entirely dependent upon the company’s records and no testimony was offered on the part of the individual employees who were directly responsible for receiving, unpacking and listing the returned merchandise. In the very nature of things the presentation of such firsthand evidence would be a practical impos *530 sibility. Employees engaged in such tasks could not reasonably be expected to have independent recollection as to the details of one particular shipment of goods. The record is convincing as to the customs and methods followed by plaintiff in the course of its operations, and the conclusion is inescapable that these records must be accepted as an accurate -reflection of the entire transaction in the absence of certain, definite and preponderating evidence to the contrary.
Our appreciation of the facts established by the record before us leads us to the conclusion that plaintiff has successfully established its entire claim by an overwhelming preponderance of the evidence. It follows that the judgment should be amended accordingly.
. For the reasons assigned the judgment appealed from is amended by increasing the amount thereof from the sum of $831.-29 to the full sum of $1,206.75, and as amended the same is affirmed at appellant’s cost.