AYRES, Judge.
This is an action upon a contract of guaranty and suretyship wherein plaintiff sought to recover of the defendant the principal sum of $4,925.60, with legal interest from judicial demand on $2,965.39 and on $14.53 of said principal sum, and interest at the rate of 8% per annum from August 15, 1961, on $1,945.68, also of said principal sum, together with 15% additional on the latter amount of principal and interest as attorney’s fees.
The contract signed by the defendant, as herein sued upon, is contained in the following language:
“This obligation of guaranty and suretyship this day made and executed by Dr. Albert I. Clark, 412 Medical Arts Bldg., resident of Shreveport, La.,
“WITNESSETH:
“WHEREAS George R. Hamblin, 3748 McWillie St., Shreveport, La., desires to secure from time to time advances of credit, loans of money from PELICAN SUPPLY CO., INC.,
“NOW THEREFORE, in consideration of such loans and/or the giving or extending of credit to the said George R. Plamblin, I hereby give this continuing guaranty to said PELICAN SUPPLY CO., INC., its successors, transferees or assigns, for the payment *254 in full of any indebtedness direct or contingent of said debtor to said PELICAN SUPPLY CO., INC., up to the amount of Five Thousand Dollars, exclusive of interest and attorneys’ fees, whether due or to become due, and whether now existing or hereafter arising, and I hereby bind and obligate myself, my heirs and assigns, in solido with said debtor for the payment of any indebtedness that may become due by said debtor promptly upon the demand of said PELICAN SUPPLY CO., INC., regardless of the form of indebtedness, whether the same is represented by open account, notes, or otherwise, or whether due at maturity, upon extension or renewal, and waiving all notice and pleas of discussion and/or division, I agree to pay upon demand, at any time, to said PELICAN SUPPLY CO., INC., its successors or assigns, the full amount of said indebtedness up to said principal amount, together with interest, attorneys’ fees and such other charges as may be due in addition thereto. Said PELICAN SUPPLY CO., INC., may extend any obligation of the debtor one or more times as it pleases and may surrender any securities held by it without notice or consent from me and I shall remain at all times bound hereby, notwithstanding such extension and/or surrender.
“It is further agreed that this continuing guaranty is absolutely complete and that acceptance and notice of acceptance thereof by said PELICAN SUPPLY CO., INC., are therefore unnecessary, and they are hereby expressly waived.
“THUS DONE AND SIGNED at Shreveport, Louisiana, this 11th day of May, 1961.”
In reliance upon this agreement, plaintiff endorsed for the said Hamblin a promissory note dated June 2, 1961, in the sum of $3,-359.62, in order that Hamblin might, and which he thereafter did, negotiate to the Commercial National Bank in Shreveport for a loan. Prior to plaintiff’s endorsement, this note had been endorsed by defendant. Pursuant to and in further reliance upon the aforesaid act of guaranty and suretyship, plaintiff, on July 19, 1961, accepted the note of the defendant and Hamblin in the sum of $1,945.68 to cover advances made to Hamblin. Other advances by plaintiff to Hamblin aggregated the additional sum of $14.53.
The first of the aforesaid notes was not paid in accordance with its terms and, accordingly, plaintiff, as endorser thereon, was called upon to pay, and did pay, the balance due thereon in the sum of $2,965.39. Nor was the second note paid. Failure to pay the first installment on this latter note resulted in its maturity in its entirety under an acceleration clause contained therein. This suit followed.
The defense to plaintiff’s action is that neither of the notes was supported by a valuable consideration. Moreover, it was contended that the second note was secured by a chattel mortgage on certain-described property, possession of which plaintiff had taken and sold to a third party. Except for the allowance of a credit of $1,981.80, there was judgment in favor of plaintiff as prayed for. From this judgment, defendant prosecutes a devolutive appeal. Plaintiff has neither appealed nor answered defendant’s appeal.
The record is barren of any showing of a lack of consideration for the execution of either of the notes sued upon. To the contrary, the evidence establishes they were executed and negotiated for a sufficient and valid consideration. The first of the notes hereinabove referred to was executed by Hamblin as maker, endorsed first by defendant and then by plaintiff, and followed by Hamblin’s negotiation for a loan from the Commercial National Bank in Shreveport. As an endorser, plaintiff paid the bank the balance due on the note.
*255 In passing, it may be m order to observe that the note was not secured by a chattel mortgage. There is no evidence of the execution of a chattel mortgage in connection with either of the notes sued upon.
The second of the notes herein concerned was executed in connection with an agreement between plaintiff and Hamblin for the purchase, by Hamblin and for his account, of a carload of insulation and the equipment necessary for its installation. The merchandise was left with plaintiff and apparently abandoned by Hamblin. After request for instructions for disposition of the merchandise, and after making demands to no avail on the defendant for its disposition, the merchandise was placed on consignment with the Superior Insulation Company. Pursuant to the assignment, the consignee sold 1,468 bags of the insulation at a price of $1.35 per bag, or for a total consideration of $1,981.80, which amount was delivered to plaintiff which held it for credit upon Hamblin’s account. That this credit was properly allowed has been apparently conceded by plaintiff which, as stated, has neither appealed nor answered defendant’s appeal. Therefore, the allowance of this credit is not an issue before this court.
The item heretofore designated as “other advances” represented commissions on uncompleted sales for which Hamblin had previously been credited. The correctness of this item is established by itemized statements filed in evidence, the correctness of which was established by the testimony of A. W. Adkins, plaintiff’s secretary-treasurer.
The burden of establishing credits or offsets claimed against an account must be borne by the party asserting such credits. Thornton v. Willis, La.App. 2d Cir., 1958, 106 So.2d 337, 339, 341 (writs denied).
In this connection, it may be pointed out, as observed by the trial court, that the defendant failed to call a single witness or to contradict testimony offered by plaintiff in proof and in substantiation of its claim. Moreover, it was plaintiff’s witness who testified to and conceded the correctness of the credit as allowed defendant by the trial court.
For the aforesaid reasons, the judgment appealed should be, and it is hereby, affirmed at defendant-appellant’s cost.
Affirmed.