James **ROBERTSON**, Appellant,

v.

M/S **SANYO MARU**, her engines, tackle, apparel and furniture, and Sawayama Kisen K. K., Owner, Appellees.

No. 22865.

United States Court of Appeals
Fifth Circuit.

March 21, 1967.

464

John R. Martzell, Ungar, Dulitz & Martzell, James A. Wysocki, New Orleans, La., for appellant, James Robertson.

Leon Sarpy, Paul A. Nalty, New Orleans, La., for respondent-appellees. Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., of counsel.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

ESTES, District Judge:

This is a Sieracki-Ryan-Yaka* type case, in which James Robertson (longshoreman) appeals from a judgment in favor of respondent (shipowner) and third-party respondent (stevedore) entered in Robertson's libel for personal injuries alleged to have been caused by unseaworthiness of the vessel M/S Sanyo Maru arising out of a defective winch and the negligence of the shipowner. The shipowner impleaded the stevedore.

On the trial, Robertson offered evidence showing that the starboard inshore winch at the forward end of No. 5 Hatch he was operating "cut out," causing a one-ton iron beam which was attached to the cargo hook to swing back, striking Robertson. The respondent shipowner offered evidence showing that the cause of the beam swinging was the improper method by which the load was handled by Robertson and his fellow workers.

Trial was before the court sitting without a jury.

On May 13, 1965, at the conclusion of libelant's case, respondent moved the trial court for a summary judgment in its favor under F.R.Civ.P. Rule 56 and Admiralty Rule 58. The court deferred judgment on the motion until after hearing respondent's evidence. After respondent had put on its evidence, "except on one witness" (a ship's officer) whose testimony was to be taken by deposition "in Florida," respondent rested and renewed its motion made at the conclusion of libelant's case.

With the case in this posture, the trial court pronounced judgment in favor of respondent and third-party respondent, assigning oral reasons and concluding that the accident resulted from operational negligence and not from unseaworthiness. It is not clear whether the trial court was granting the motion for summary judgment with supporting reasons or was making findings of fact and conclusions of law. Written findings of fact and conclusions of law were not filed.

Appellant contends the trial court erred in granting a motion for summary judgment when fact witnesses remained to be called and alternatively that if the judgment was a final judgment, there is a failure to provide findings of fact and

* Seas Shipping Co. v. Sieracki (1946), 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp. (1956), 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133; Reed v. The Yaka (1962), 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448; Barber v. Motor Vessel "Blue Cat" (5 Cir., 1967), 372 F.2d 626. See Walker v. Harris (5 Cir., 1964), 335 F.2d 185, containing a comprehensive statement of the applicable principles of law, and "Admiralty Law in the Fifth Circuit—A Compendium for Practioners" 4 Houston L.R. 347.

conclusions of law as required by Admiralty Rule 46½ (now F.R.Civ.P. Rule 52 (a)). Appellant also assigns as error the trial court's receiving in evidence and considering a copy of a statement alleged to have been signed by Robertson's witness, Robert Melton, and permitting the statement's use when there was no evidence of its authenticity and the proper foundation was not established for the statement's introduction and when Melton denied making it. Appellant further complains that the trial court improperly disregarded evidence of eyewitnesses and asked improper hypothetical questions and leading questions to respondent's witnesses.

Melton, a longshoreman, was working between the winches at the time of the accident. He testified that Robertson's winch "cut out * * * everything just lost its power"; that he saw "a lot of fog-like, funny kind of fog, and something was rattling"; that the fog was coming from the lower end of Robertson's winch; and that the beam came down on Robertson, striking him. On cross-examination, respondent introduced what purported to be a photographic copy of a contradictory statement allegedly signed by Melton. The original of the statement was not produced nor accounted for. The exact origin of the copy was not known, but it appeared that a statement had been obtained from Melton through the stevedore. Melton had signed a statement, but he denied that the document in question was what he had signed or a copy thereof. Melton also denied the contents of the statement, including a portion stating "there was no power failure as there was plenty of steam, and he had plenty of power." Melton testified that he could not read nor write. Counsel for libelant timely objected to the introduction of the copy.

■ To satisfy the foundation requirement for introduction of an alleged statement for impeachment, the cross-examiner should ask the witness whether he made the statement, giving its substance, naming the time, the place, and the person to whom made. If the witness denies the making of the statement or fails to admit it, the cross-examiner must prove the making of the alleged statement at his next stage of giving evidence. McCormick, Evidence, § 37, p. 68, 1954 Ed. Melton denied making the statement, and respondent failed to prove its authenticity.

"A writing standing alone does not of itself constitute evidence; it must be accompanied by competent proof of some sort from which the [finder of facts] can infer that it is authentic and that it was executed or written by the party by whom it purports to be, unless such facts are admitted by the adversary." 20 Am Jur "Evidence," § 922. "There must be some evidence of the genuineness of [the document]." Wigmore, Evidence, § 2130, p. 570, 3rd Ed.

The Seventh Circuit, discussing the admission of an alleged doctor's report, stated that the doctor "did not sign the report, could not say it was in his handwriting and, in fact, knew nothing about it. With this uncertain and negative foundation, we think the exhibit was erroneously admitted." Pellegrini v. Chicago Great Western Railway Co., 319 F.2d 447 (1963).

■■ There was no showing of any excuse or reason why the original of the statement was not produced. The very purpose for the rules requiring "production of original writings" or excuses for their non-production "is to secure the most reliable information as to the contents of documents when those terms are disputed." McCormick, Evidence, § 209, pp. 424–425, 1954 Ed. Certainly where, as here, the alleged statement negated the very essence of Melton's positive testimony regarding loss of power and the court stated, "You can disregard [Melton's] testimony as being utterly valueless to this court," the admission of the purported copy was prejudicial error which adversely affected the substantial rights of the libelant, and the case must be remanded for a new trial.

It is unnecessary to decide the other points of error raised by libelant.

Reversed and remanded.