211 So.2d 709 (1968)
CITY STORES COMPANY
v.
Welton T. JORDAN and Mrs. John W. Jordan.
No. 3096.
Court of Appeal of Louisiana, Fourth Circuit.
June 10, 1968.
Guste, Barnett & Little, William M. Barnett, Sidney L. Shushan, New Orleans, for plaintiff-appellee.
Dufour, Levy, Marx & Lucas, Leonard B. Levy, Michael Osborne, New Orleans, for defendant-appellant, Mrs. John W. Jordan.
Before CHASEZ, HALL and JOHNSON, JJ.
JOHNSON, Judge.
This is an appeal from a judgment rendered by the First City Court for the City of New Orleans in favor of plaintiff and against Mrs. John W. Jordan, who was sued as guarantor of her co-defendant, Welton T. Jordan, in the full sum of $359.73, with legal interest from judicial demand, until paid, plus 20% attorney's fees and all costs.
Plaintiff brought this suit for $499.65, representing the balance due on an open account for purchases made by Mrs. Welton *710 T. Jordan, wife of defendant, Welton T. Jordan, which purchases were made under a written authorization by Welton T. Jordan to plaintiff to charge his wife's purchases to his account. The authorization is in evidence. Plaintiff also alleged that defendant Mrs. John W. Jordan signed and executed a continuing guaranty agreement, by which agreement she guaranteed in writing to pay the indebtedness of Welton T. Jordan. We copy that guaranty in full, as follows:

*711 Defendant Welton T. Jordan was not served and he made no appearance.
Defendant Mrs. John W. Jordan was served with suit papers and she filed an exception of no cause of action and an answer in the form of a general denial, without alleging any special defenses, and she offered no evidence on her behalf.
The trial judge did not give written reasons for judgment, but the record contains the transcript of the testimony, which includes findings of fact of the trial judge.
The judge found and held that the testimony, the itemized statement and other documents in evidence are sufficient to prove the correctness of the claim, except the service charges, which he disallowed. The written authorization signed by Welton T. Jordan contained the stipulation that in event of suit he would pay 20% attorney's fee.
Plaintiff's collection manager, Albert L. Frantz, under whose supervision and control the records of delinquent accounts are kept, testified as to the correctness of the account and the guarantee. In this day of modern machine operations, a concern with hundreds of employees and thousands of transactions in a week, evidence by a supervising officer to identify what the records contain is admissible. 32 C.J.S. Evidence § 693, p. 940.
The defendant presented no evidence. Counsel for plaintiff called for her cross-examination. Her counsel admitted that she was available but not in court.
Defendant's counsel contends that the judgment is erroneous on three grounds: (1) that plaintiff failed to prove by a qualified witness that any purchases were made by anyone; (2) that it failed to prove any relationship that would bind Welton T. Jordan for purchases made by Mrs. Welton T. Jordan, and (3) that the "Continuing Guarantee" is not intelligible. There is no merit in these contentions.
The burden of alleging and proving a defense is on defendant. This defendant has done neither. Pelican Supply Company v. Clark, La.App., 146 So.2d 253; Thornton v. Willis, La.App., 106 So.2d 337.
In the case of J. R. Watkins Company v. Moore, La.App., 98 So.2d 527, as it is here, objection was made by counsel for defendants that plaintiff's evidence in proving the account was entirely dependent upon the company's records and no testimony was offered on the part of the individual employees who were directly responsible for receiving, unpacking and listing the returned merchandise. The Court of Appeal, Second Circuit, said that: "* * in the very nature of things the presentation of such first-hand evidence would be a practical impossibility. Employees engaged in such tasks could not reasonably be expected to have independent recollection as to the details of one particular shipment of goods." It found, as we do in this case, that the record is convincing as to the customs and methods followed by plaintiff in the course of its operations, and the conclusion is inescapable that these records must be accepted as an accurate reflection of the entire transaction in the absence of certain, definite and preponderating evidence to the contrary. In Gulf States Utilities Company v. Guidry, 183 So.2d 122, it is said: "It is settled jurisprudence that when a party to a suit fails to testify to cardinal facts obviously within his knowledge and vital in determining the just result of the litigation the presumption exists that his testimony, if adduced, would be unfavorable. Morello v. Viola, La.App., 66 So.2d 29." See also Modern Appliances & Supply, Inc. v. Sapp, La.App., 200 So.2d 363; Mochitta v. Lemak, La.App., 165 So. 2d 568.
It is our opinion that the evidence in the record preponderates to establish *712 plaintiff's claim and accordingly the judgment rendered below should be affirmed.
For the reasons assigned the judgment appealed from is affirmed; all costs to be paid by defendant, Mrs. John W. Jordan.
Affirmed.