James **ROBERTSON**, Plaintiff-Appellant,

v.

**SANYO MARU**, her engines, tackle, apparel and furniture, and Sawayama Kisen, K.K., Defendants-Appellees,

v.

**TEXLA STEVEDORING COMPANY**, Third-Party Defendants.

No. 28054.

United States Court of Appeals, Fifth Circuit.

April 15, 1970.

John R. Martzell, New Orleans, La., for appellant.

Leon Sarpy, Paul A. Nalty, A. R. Christovich, Jr., New Orleans, La., for appellees.

Before JONES, BELL and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

The appellant, a longshoreman, appeals from a second adverse judgment on his claim for personal injuries.

Following an earlier judgment dismissing plaintiff's claim against the vessel owner and the vessel owner's claim against the impleaded stevedore, the plaintiff appealed, and this court reversed on grounds not material.[1] On remand the District Court entered findings and conclusions in favor of the vessel owner and against the plaintiff and a judgment pursuant thereto. It found also that the stevedore was obligated to indemnify the vessel owner for expenses of litigation, but the record contains no judgment based thereon.

The appellant urges that there is plain error in the findings of fact of the District Court that there was no defect in

1.  Robertson v. Sanyo Maru, 374 F.2d 463 (5th Cir. 1967).

the vessel or its equipment. Review of all the evidence discloses no plain error.

■ The injury to appellant occurred when he and another longshoreman were each operating a steam winch at a hatch of the vessel. In a joint operation, utilizing the two winches, they were lifting a hatch beam, and as they commenced to raise the beam it swung and struck appellant. The trial judge found that the joint lifting maneuver was negligently executed by appellant and Jackson, the other winch operator. This gives rise to the second issue, whether the joint "operational negligence" of the two winch operators at the very moment of injury created instantaneous unseaworthiness by which the shipowner became liable to appellant under the *Ryan* doctrine. Grigsby v. Coastal Marine Service of Texas, Inc., 412 F.2d 1011 (5th Cir.), pet. for cert. dism., 396 U.S. 1033, 90 S.Ct. 612, 24 L.Ed.2d 531 (1970), decided subsequent to the trial below is adverse to appellant on this issue.

■ The court found that the two winch operators failed to coordinate their efforts but that they were experienced winch operators. In his formal findings the District Judge did not find that the two operators had never worked together before, but in his oral findings announced at the conclusion of the trial he did so state. Assuming that we may consider this a finding for purposes of review, we do not consider it to impose liability for an unseaworthy crew under Waldron v. Moore-McCormack Lines, 386 U.S. 724, 87 S.Ct. 1410, 18 L.Ed.2d 482, (1967). If appellant's position were sound, crews composed of constantly changing but experienced and competent seamen, performing the diverse routine tasks aboard ship that require coordinated effort, would create a continuing liability for unseaworthiness until they had practiced together at their joint tasks (presumably having to practice ashore and in performance of simulated duties to avoid unseaworthiness while doing so).

■ The stevedore tells us that it paid the expenses of the first district court trial, and it asserts that its responsibility for indemnity ended with the entry of the first decree, not appealed from by the vessel. It urges that it did not appear in the first appeal, and on remand it was not made a party by any subsequent pleadings, so that it can have no liability for additional costs of defense, in fact is not even a party.

There is nothing for us to review on this issue because no judgment has been entered thereon. The District Court is the place for the stevedore to raise the points which he makes.

The judgment in favor of the vessel is affirmed. The case is remanded to the District Court on the issue of indemnity.

Costs are taxed one-half to the plaintiff, one-half to the vessel.