HEARD, Judge.
Auto-For-Rent, Inc. sued Sam Provenza for $1,340.16, the amount allegedly past due under a truck rental agreement. Defendant filed his answer in proper person. During the trial of the case witnesses were questioned on behalf of defendant by Mr. George T. Anderson. Judgment was rendered in favor of plaintiff. The application for a new trial was signed by Mr. Anderson. Defendant then filed affidavits that because of poverty and lack of means he desired to continue prosecution of the appeal in forma pauperis. An affidavit confirming the financial condition of defendant was also signed by Mr. Anderson. Thereafter plaintiff filed a motion to dismiss the appeal on the ground that defendant’s attorney of record, Mr. Anderson, could not sign the affidavit under the applicable provisions of the Louisiana Code of Civil Procedure. The motion to dismiss the appeal was denied.
Testimony revealed that on November 23, 1968 Provenza rented “an International step-van” from Auto-For-Rent, Inc. in Shreveport. He was to pay $48 per week, plus ten cents per mile rental on the truck. A carbon copy of the contract was introduced into evidence to prove the debt and timely objection was made to its introduction in lieu of the original. The witness, Mr. Barry Hutton, manager for Auto-For-Rent, Inc., testified that the contract was not the original and that the original was in their files in the downtown offices. The original was ordered produced but for reasons not in the record judgment was rendered for plaintiff notwithstanding the failure to produce the original.
The issues set forth are: (1) whether the appeal should have been dismissed; and that the plaintiff is not entitled to judgment for the reason that the original contract was never introduced in evidence.
On the first issue C.C.P. Art. 5183 provides :
“A person who wishes to exercise the privilege granted in this Chapter shall apply to the court for permission to do so in his first pleading, or in an ex parte *355 written motion if requested later, to which he shall annex:
(1) His affidavit that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor, because of his property and lack of means; and
(2) The affidavit of a third person other than his attorney that he knows the applicant, knows his financial condition, and believes that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor.
When the application and supporting affidavits are presented to the court, it shall inquire into the facts, and if satisfied that the applicant is entitled to the privilege granted in this Chapter, it shall render an order permitting the applicant to litigate, or to continue the litigation of, the action or proceeding without paying the costs in advance, or as they accrue, or furnishing security therefor.
“Comment
“Under the indirect source provision othis article, it has been held that the attorney for an indigent plaintiff may execute the supporting affidavit as to the plaintiff’s poverty. Harrison v. Jones, 187 La. 489, 175 So. 37 (1937). This rule is undesirable and the above article is intended to overrule legislatively the Harrison case.”
The current status of the law is that an attorney cannot sign the affidavit of poverty for a pauper client, but that is not the situation here presented. Provenza had no attorney on the face of the record at the time of taking the appeal. He filed his motion for appeal in proper person and appeared in proper person throughout the course of the appeal. The courts of this state are charged with the duty of giving the indigent every opportunity to prosecute his case to the ends required by justice and we are of the opinion that C.C.P. Art. 5183 does not prevent an attorney, who is no longer retained by an individual, from signing an affidavit of poverty for that person.
On the second issue it was admitted that the contract introduced in evidence was a carbon copy, and objection was timely made to the introduction of the copy. The general rule of evidence is that where a fact to be proven is evidenced in writing, the original is the best evidence, and a copy is inadmissible except where the absence of the original is accounted for or explained. 32A C.J.S. Evidence § 813; Carr v. Williams, La.App., 145 So.2d 611 (4th Cir.1962).
In Robertson v. M. S. Sanyo Maru, 374 F.2d 463 (5th Cir.1967) the court stated that the purpose of the rule is to secure the most reliable information as to the contents of the documents in dispute.
Defendant does not seriously dispute that he rented the truck; in fact, he admitted he kept the truck one month longer than that for which plaintiff sued. Therefore, it is our opinion the best ends of justice is served by remanding this case to the trial court for the purpose of introducing the original contract, and it is so remanded.