BEER, Judge.
Appellant, Vincent Giaise, does business as Big G. Stockyards. After a fire on August 26, 1974, in which he believed his records had been destroyed, he requested ap-pellee, Raceland Stockyards, Inc., to send a duplicate bill for cattle purchased earlier that day at appellee’s stockyard auction. Appellee’s manager, Charles L. Kolon, thereupon submitted two duplicate bills, one for $2,490.37, covering purchases of August 26, 1974 (later acknowledged to be incorrect and changed to $2,369.88), and one for $1,547.52, allegedly covering purchases of August 19, 1974. Appellant denies ever having made the August 19th purchases or, for that matter, having even been at the stockyard auction on August 19, 1974.
Appellee’s original claim for $3,917.40 was reduced to $1,547.52, and, after trial, judgment for Raceland Stockyards, Inc. was rendered in that amount. Appellant contests the correctness of that judgment as well as the admissibility of certain documents as proof of the alleged debt.
Raceland Stockyards, Inc. adduced no testimony which could prove that Giaise was present at the cattle auction on August 19, 1974. Giaise categorically denied that he was present on that date. In its attempt to prove the August 19th transaction by other evidence, Raceland Stockyards, Inc. introduced the following exhibits:
1) Exhibit P-3 (premarked D-l, “Exhibit A”), a pink carbon copy of a duplicate bill for $1,547.52. Kolon, appellee’s manager, admitted that this was not the original bill but instead was a bill he made up after Giaise’s fire and request for a bill. He claimed the amount owing would be borne out by the scale tickets in his office. He failed to produce the original office copy, which he said was supposed to have been kept in his office. No clear reason was advanced for the failure to produce the original business record.
2) D-l. The white “original” copy of the duplicate bill, handcopied by Kolon from his records after Giaise requested a billing. The pink copy (P-3) is a carbon copy of this.
3) D-4. A yellow carbon copy of the same.
4) P-6. Original “scale tickets” showing the number and weight of heads of cattle allegedly sold to Big G. on August 19, 1974.
These documents must be considered with some explanation of the auction procedure, which is as follows: After the auctioneer accepts a bid, the animal is driven into a weighing pen and weighed. At this point, a *394 “scale ticket” is made which shows the name of the buyer and the animal’s weight. This ticket is sent to the office where the invoice is prepared. An original invoice with three carbon copies is made. The white original is handed to the buyer when he pays, or is later mailed out as a bill. The yellow copy is sent to the bookkeeper. The pink is given the customer to check the animals out,[1] and the blue copy is retained in the office’s records, as are the scale tickets.
Appellant contends that the carbon copies of the recopied invoice are inadmissible. We agree. In Fidelity National Bank v. Jack Neilson, Inc., 248 So.2d 412, 416 (La. App. 4th Cir., 1971), we observed:
“When an original document is not available, a copy may be used, but only after proof has been adduced that a diligent effort was made to obtain the original and that it was unavailable or where proof is adduced that an effort to search for the original would amount to a vain and useless gesture. This rule was recognized and followed by the Louisiana Supreme Court in the case of Mercier v. Harman wherein the organ for the court stated that the best evidence rule was ‘ * * * an elementary principle * * found in every work on evidence, and so completely consecrated by established jurisprudence as to dispense with any citation of authorities to support it.’ ”
Even if the white original had, in fact, been mailed to Giaise, as contended by Raceland Stockyards, Inc., they should have produced one of their copies of the original invoice. No reason for nonproduction of either of the retained office copies of the original was offered. Appellee argues that the pink and yellow copies of the admittedly copied invoice are “duplicate originals” and were properly admitted. Wrong. There is no basis for concluding that they are “duplicate originals” of the alleged original August 19th invoice, and they were incorrectly admitted. McCormick’s Handbook of the Law of Evidence, 560 et seq. (2d ed. 1972).
The August 19th “scale tickets” are alleged to be original and are identified by the stockyard employee who prepared them. However, Giaise objects on the ground that they are inadmissible as business records, and, further, that they are not the best evidence even though the scale tickets are, as previously noted, the basic information from which the invoice is prepared. Louisiana courts have treated such original records from which invoices or ledgers were made as being better evidence than the subsequently compiled ledger or invoice. See, e. g., Crosby v. Little River Sand and Gravel Development, 212 La. 1, 31 So.2d 226 (1947); Talley v. Duplantis, 213 So.2d 82 (La.App. 1st Cir., 1968). Braud v. Hinchen, 310 So.2d 657 (La.App. 1st Cir., 1975). Thus, we are of the view that the scale tickets were properly admitted although we have grave reservations concerning their accuracy and authenticity.
Accordingly, the only properly admitted evidence in support of the alleged transaction on August 19th consists of the scale tickets showing purchases in the amount of $1,547.52 on that date by Big G., since the tickets were identified by their maker as being in her handwriting. However, those scale tickets, even though admissible, do not bear Giaise’s signature or any other indication of his confirmation as to acceptance or accuracy.
Perhaps overlooked in all of the discussion about the admissibility of the various documents is the uncontested and apparently accurate statement of Giaise on cross-examination by counsel for Racelands Stockyards, Inc. to the effect that a purchaser must sign the yellow copy of the invoice. Specifically:
Q. (By Mr. Hackman on cross-examination of Giaise)
“You always sign the yellow copy, right?”
A. (By Giaise)
“Yes sir. You can’t get nothing unless you sign it.”
*395 Yet, no document was ever produced that was even alleged to bear Giaise’s signature. Furthermore, implicit in the admitted error on the “duplicate original” of the August 26th invoice is the fact that Giaise would have been called upon to pay the incorrect (and substantially greater) amount had he not been lucky enough to salvage his copy of that original invoice. And, even though the scale tickets were identified by Mrs. Daigle as being in her handwriting (and, thus, in our view, admissible), we find that they provide little support for the stockyard’s strongly contested allegation that a sale took place to Giaise on August 19th. Finally, we note the obvious which is that the fire destroyed Giaise’s records — not those of the stockyard. And, yet, no acceptable explanation is offered as to why the stockyard had to prepare “duplicate originals” of the questioned bills — one of which admittedly contained an error in their favor and the other of which being hotly contested in this litigation as to its actual existence.
We believe that all of the admissible evidence, except the scale tickets, supports a contrary conclusion to that reached by the district court. We will not conjecture as to how and under what circumstances the scale tickets may have been prepared, but we are of the view that the trial court has erred in its conclusion that a sale to Giaise did take place on August 19th. The rule that the judgment of a trial court on questions of fact will not be disturbed unless manifestly erroneous is not applicable where the question is one of sufficiency and preponderance of evidence rather than of credibility of witnesses. Blue Streak Enterprises v. Cherrie, 263 So.2d 734 (La. App. 4th Cir., 1972), and Jones v. Byrant, 283 So.2d 307 (La.App. 4th Cir., 1973). Here, we believe that the evidence so preponderates in behalf of Giaise that we must reverse.
Accordingly, the judgment of the 29th Judicial District Court for the Parish of St. Charles is reversed and set aside, and it is now ordered, adjudged and decreed that plaintiff’s suit be dismissed. All costs, in-eluding the costs of this appeal, are to be paid by appellee.

REVERSED AND RENDERED.

. This part of the procedure will be discussed in more detail further in this opinion.