365 So.2d 501 (1978)
L. FRANK & COMPANY, INC.
v.
DEVILLIER'S FOODLINER, INC.
No. 9771.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Rehearing Denied January 10, 1979.
*502 Morris B. Phillips, New Orleans, counsel for L. Frank & Co., Inc., plaintiff-appellee.
Larry C. Pieno, Marrero, counsel for Devillier's Foodliner, Inc., defendant-appellant.
Before REDMANN, BOUTALL and GARRISON, JJ.
BOUTALL, Judge.
This is a suit on open account for merchandise sold and delivered by appellee, L. Frank & Company, Inc. to appellant, Devillier's Foodliner, Inc. Appellant has appealed from a judgment rendered in favor of the appellee in the amount of $1,238.20.
The only issues on appeal deal with defendant's motion for a continuance, the admissibility of appellee's documents and testimony, and appellee's entitlement to damages due to the frivolous nature of the appeal.
I. CONTINUANCE: Appellant included the issue of the trial court's denial of his motion for a continuance in its motion for appeal, but did not argue this point in its brief. We simply note that the granting of a motion for a continuance is discretionary with the trial judge. We are satisfied that no abuse of discretion was present here.
II. DOCUMENTS AND TESTIMONY: The appellant argues that certain delivery receipts and an invoice introduced into evidence were inadmissible in the absence of proof to show that a diligent effort was made to obtain the original. Appellee's witness, Ray Johnson, referred to certain delivery tickets showing the delivery of the merchandise in question. These delivery tickets contain 2 copies a white copy for the customer and a pink copy to be returned to the company by the drivers.
Appellee offered into evidence a signed pink carbon delivery receipt on each item shown on the invoice. It also introduced the invoice itself showing the appellant's itemized purchases. After introduction of these, the trial court granted permission for appellee's counsel to substitute photo-copies of these documents into evidence. This was done over appellant's objection and on the grounds that they were receipts kept in the ordinary course of business.
We find no error in the actions of the trial judge. All cases cited by appellant in brief, such as Auto-For-Rent v. Provenza, 242 So.2d 353 (La.App. 2d Cir. 1970) and Raceland Stockyards, Inc. v. Vincent Giaise, 352 So.2d 392 (La.App. 4th Cir. 1977), do not help its cause since the pink carbon copy was the best evidence available here. Raceland, for example, states that production of one of the office copies of the original invoice in that case would have been sufficient. See Raceland, supra, at 394. Provenza is completely distinguishable since in that case the contract itself was on file in the office of the plaintiff, but was not produced at trial. The pink copy in this case was appellee's only copy and it was produced at trial.
The procedure whereby the appellee introduced the pink receipts and the invoice into evidence and then substituted photocopies *503 for these documents is accepted court procedure. These are records kept in the ordinary course of business and the ruling of the trial judge was correct. Substitution of a copy after introduction of an original business record is in no way prejudicial to the appellant, nor is it hearsay.
Appellant also contends that the testimony of appellee's only witness, Ray Johnson, was inadmissible since the witness had no personal knowledge of the document from which he testified. It is clear from the testimony, however, that Mr. Johnson held the position of Comptroller at the company. He, in other words, supervises the keeping of the records from which he testifies.
It is well settled in Louisiana that business records, such as delivery slips or invoices, are competent evidence as to the amount owed on an account, when the bookkeeper or supervisor of the records testifies as to the correctness of them. G & S Implement Company, Inc. v. Sylvester, 322 So.2d 392 (La.App. 3rd Cir. 1975); City Stores Company v. Jordan, 211 So.2d 709 (La.App. 4th Cir. 1968). Appellant's contention to the contrary is without substance.
III. DAMAGES FOR FRIVOLOUS APPEAL: In its answer to this appeal, appellee has asked for damages from the appellant due to the frivolous nature of this appeal. In Louisiana, damages for frivolous appeal are not allowable unless it is obvious that the appeal was taken solely for the purpose of delay or that counsel is not sincere in view of the law which he advocates. Parker v. Interstate Life & Accident Insurance Company, 248 La. 449, 179 So.2d 634 (1965); Tullis v. Aertker, 352 So.2d 415 (La.App. 3rd Cir. 1977); Louisiana Code of Civil Procedure Article 2164.
We feel that the record shows that this appeal was taken solely for the purpose of delay. We, therefore, award damages in the amount of $250.00 in favor of the appellee due to the frivolous nature of this appeal.
The judgment of the lower court dismissing appellant's suit is affirmed; It is Further Ordered that there be judgment in favor of the appellee, L. Frank & Company, Inc. and against appellant, Devillier's Foodliner, Inc., in the amount of $250.00. All costs of this appeal to be paid by the appellant.
Affirmed; judgment in favor of appellee for $250.00 Ordered.
AFFIRMED.

ON APPLICATION FOR REHEARING
PER CURIAM.
In its application for rehearing, plaintiffappellee, L. Frank & Company, Inc., points out that our decision contains an error in our decree, which is not in conformity with the judgment appealed. The judgment appealed was rendered in favor of appellee in the amount of $1,238.20, and in our decree, we noted "the judgment of the lower court dismissing appellant's suit is affirmed."
We agree with plaintiff-appellee, but the rehearing will be denied. It is well settled that appellate courts have the power to correct their judgments, and the granting of a rehearing to do so is not necessary. State, Department of Highways v. Eubanks, 345 So.2d 533 (La.App. 3rd Cir. 1977) and the cases cited therein.
Accordingly, our former decree is amended to read as follows:
"The judgment of the lower court in favor of L. Frank & Company, Inc. is affirmed;
It is further ordered that there be judgment in favor of the appellee, L. Frank & Company, Inc. and against appellant, Devillier's Foodliner, Inc., in the amount of $250.00 as damages for a frivolous appeal taken by appellant. All costs of this appeal to be paid by the appellant."
AFFIRMED, JUDGMENT INCREASED.