HERBERT A. CADE, Judge Pro Tern.
Suits on open account were filed April 23, 1984, by Touro Infirmary, and March 28,1985, by Drs. Cerise, Ogden and Associates, for services rendered Carol Tonry in cancer treatment and in her last illness. Made defendants in each action were Richard Tonry, ex-husband of the deceased, and Henry J. Rodriguez, testamentary executor of her estate. Tonry filed exceptions of no cause of action. He conceded responsibility to Touro for an initial hospitalization, for which he had guaranteed payment and had in fact paid $3,000.00 on an outstanding balance of $4,673.73; he denied liability for two subsequent confinements, neither of which he had guaranteed. Rodriguez answered and demanded judgment over against Tonry for the second and third confinements, based on Tonry’s agreement, in the divorce decree, to pay his ex-wife’s medical expenses.
The suits were consolidated and set for trial October 28, 1985. On that date Ton-ry’s exception in the Cerise suit was continued and the Touro suit alone was tried. November 18,1985 Tonry’s exception in the Cerise suit was maintained. February 25, 1986 the trial court rendered judgment, holding Tonry liable to Touro for the balance on the first hospitalization, maintaining Tonry’s exceptions against Touro as to the second and third confinements, casting Rodriguez liable to Touro on these claims, and to Drs. Cerise, Ogden and Associates as prayed, and dismissing Rodriguez’s third party demand against Tonry.
Rodriguez appeals, arguing that the trial court erred in entering judgment in the Cerise suit, where that case was continued on the date of trial, was never reassigned and was never tried; that in the Touro matter the trial court erred in admitting hospital records into evidence without sufficient identification and without “one credible witness other than the claimant,” see R.S. 13:3722; and further erred in dismissing the third party demand.
In the first respect we are constrained to agree. The record reflects that on the date of trial the Cerise suit was indeed continued for hearing on Tonry’s exception, to November 8, 1985, to be “set for trial as soon as we possibly can ... pending ... the outcome of the exception,” and that no further action was taken in that case until judgment was rendered. Entry of judgment in these circumstances appears to us inexplicable, and erroneous, and contrary at least to Articles 1571, 1632 and 1637 of the Code of Civil Procedure. In this respect the judgment of the trial court is set aside.
We find no error in introduction of the hospital records in the Touro claim. The records were identified by Touro’s financial representative and custodian of records. She testified the records were compiled in the normal course of business and testified to their reliability and authenticity. It is of little moment that she did not herself prepare them, or that she was not custodian of records throughout Carol Tonry’s hospitalization. See generally *1269 State v. Hodgeson, 305 So.2d 421, 427-29 (La.1975). R.S. 13:3722 concerns parole evidence and is inapplicable in the circumstances. The records were sufficiently identified, properly admitted, and constitute proof of the debt.
No reasons were given for dismissal of the third party demand. It was argued in the lower court, and is again argued here, that Rodriguez must proceed by separate action to enforce this claim, an erroneous interpretation, we think, of C.C. P.Art. 1111; it was also argued that by informal agreement of the Tonrys, Richard Tonry increased alimony payments and Carol Tonry purchased her own medical insurance. These facts, even if established to the satisfaction of the trial court, we think are insufficient in law to relieve Ton-ry of his obligations to provide for his ex-wife’s medical expenses as set out in the divorce decree.
Accordingly, we reverse and set aside the judgment dismissing the third party demand against Tonry. Judgment is now rendered in favor of Henry Rodriguez, III, as Testamentary Executor of the Estate of Carol Boyle Tonry against Richard A. Ton-ry for the sum awarded Touro Infirmary. That portion of the judgment holding Rodriguez liable to Drs. Cerise, Odgen and associates is reversed and remanded. The judgment is otherwise affirmed.
REVERSED AND REMANDED IN PART; AFFIRMED IN PART.