SCHOTT, Chief Judge,
concurring in part, dissenting in part:
Defendants’ objection to the introduction of the computerized bill for services was based upon plaintiff’s failure to lay the kind of foundation for the testimony discussed by the court in State v. Hodgeson, 305 So.2d 421 (La.1974) and required in Lasalle Pump & Sup. Co. v. La. Midland R. Co., 433 So.2d 745 (La.App. 3rd Cir.1962).
Plaintiff’s witness was its collection department supervisor. Her function was to retrieve from the computer a print-out of the charges incurred by defendant. She had no knowledge whatsoever of the accuracy of the data fed to the computer by the many individuals who cared for defendant.
In the Hodgeson case the court at page 428 adopted the rule for the admission of computer records that there be foundation testimony which satisfies the court that the source of information, method, and time of preparation were such as to indicate its trustworthiness, and justify its admission. Defendants are correct in their position that plaintiff did not provide any such foundation.
However, I believe the rule of Hodgeson case must be applied on a case by case basis and tempered according to the circumstances. In the first place Hodgeson was a criminal case in which the state had the burden of proving each element of the offense beyond a reasonable doubt. In the present case plaintiff’s burden was to prove merely that defendants owed the bill more probably than not.
Plaintiff established a prima facie case by calling Mrs. Harris to the stand and eliciting from her admissions that indeed she was a patient and was treated by defendant during the period of time shown on the statement. This testimony and the bill linked to her by the computer showing the *1008 details of the treatment were sufficient to establish the probability that she owed the bill. It seems to me that this is the basis for the decision in Touro Infirmary v. Tonry, 522 So.2d 1267 (La.App. 4th Cir.1988).
Defendant did not successfully answer plaintiffs case because she did not deny that the various services were performed, but instead that they were ineffective. By relying on her own testimony she failed to carry her burden to prove such a defense.
The Lasalle case on which defendants rely is also distinguishable. This did not involve a commercial collection claim but a contested tort claim based on a fire loss. The rules which the court adopted dealt with the witness’s testimony of the inventory lost in the fire when he was not the person who prepared the inventory. I would not apply these rules to the present case.
I would not remand the case to the trial court for the assessment of attorney fees. In my opinion plaintiff's evidence that the demands were delivered to the premises where defendants resided and that they simply refused to accept the mail was sufficient to show “due diligence” under R.S. 9:2781 B. To refuse attorney fees under the facts of this case would constitute an abuse of discretion under the statute.
I would affirm and amend the judgment to allow the attorney fee sought by defendant in the amount of $554.64.