ARMSTRONG, Judge.
Plaintiff, Professional Credit Service of New Orleans, Inc. (Professional), instituted this action on open account against defendants, John W. Fichtel, Jr. and his wife, Marilyn. Professional appeals from a judgment rendered in favor of defendants.
Professional was assigned an account by Ochsner Clinic. The account was under Mr. Fichtel’s name and purportedly reflected a balance due of $1,600.00. Professional sent a demand letter to the Fichtels to preserve its right to attorney’s fees under La.R.S. 9:2781. Professional subsequently filed suit in First City Court of New Orleans seeking judgment against defendants in the amount of $1,600.00, interest, and attorney’s fees.
At trial Professional presented as a witness Albert Frantz, account manager for Ochsner Clinic. Mr. Frantz testified that he was the custodian of all accounts at Ochsner, including Mr. Frichtel’s. He identified a twenty-two page itemized statement of charges and payments under Mr. Fichtel’s account, which reflected a balance due of $1,600.00. Mr. Frantz further testified that the account was a business record of Ochsner Clinic, compiled in the normal course of business, and was reliable and authentic. Counsel for Professional then offered the statement into evidence. When the trial judge asked counsel for defendants if he objected to the introduction of the statement, he replied, “No.”
On cross-examination, Mr. Frantz testified that he did not recall, and had no record of, defendant disputing or otherwise questioning any of the charges. Mr. Frantz explained the billing process. He *1323 said the treating physician’s office “drops the charge, and it’s posted to the computer.” The computer printed a statement each month showing all charges and payments for that period, plus a balance forward, if there was one. Mr. Frantz did not have with him at trial the actual records from which the computer entries had been made.
When questioned about the accuracy of the computer, Mr. Frantz replied, “there is a margin of error.” When asked to explain an apparent inconsistency between pages one through twelve of the statement and pages 1A through 10A, Mr. Frantz stated, “That’s one of the things I couldn’t understand when I was looking over these statements.” He then proceeded, apparently, to explain the inconsistency.
Mr. Fichtel testified that he had been a patient at Ochsner as long ago as October, 1982. The statement ran from October 4, 1982 to April, 1985. He had made payments on the account and his insurance had covered much of the cost of his treatment. However, he specifically disputed the charges contained in pages 1A through 9A. This portion of the statement reflected seventy-seven charges for cardiac exercise therapy, dating from February 2, 1984 to August 17, 1984. Mr. Fichtel admitted to having received some exercise therapy pri- or to February, 1984, but the charges for these therapy sessions were listed in pages one through twelve of the statement, which he was not disputing.
Based upon this evidence the trial court found that defendant had not received all of the services listed in the statement. The trial judge accepted the testimony of Mr. Fichtel. He subtracted the value of the services which Mr. Fichtel testified he did not receive, from the $1,600.00 allegedly owed, and determined that the defendant owed plaintiff nothing.
On appeal Professional claims that the trial court erred in finding that the statement introduced in evidence was insufficient to support a judgment in its favor. In its brief on appeal, Professional states, “The principal issue presented in this case is very simple and direct: Did plaintiff prove its case on an open account by the testimony of its Accounts Manager, Mr. Albert Frantz, that the account (P-2) was an accurate business record of Ochsner Clinic?” We first note that there is no question before us as to the admissibility of the Ochsner statement, which was hearsay evidence. Counsel for defendants specifically stated that he had no objection to the introduction of the statement.
We may not disturb the trial court’s finding unless (1) the record evidence does not furnish a sufficient basis for the finding, or (2) even though the record furnishes such a basis, the finding is nevertheless clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d. 1330 (La.1978).
Defendant submits that the statement and testimony of Mr. Frantz established a prima facie case against the defendant. Defendant cites several cases, none of which deals with computer-generated statements. In Touro Infirmary v. Tonry, 522 So.2d 1267 (La.App. 4th Cir.1988), this court held that “hospital records” were properly admitted into evidence.
Though, on appeal, this issue was not before the court, these records were apparently sufficient to establish that the accounts were owed by the defendant. In City Stores Company v. Jordan, 211 So.2d 709 (La.App. 4th Cir.1968), this court held that evidence by a retail store’s collection manager was admissible to identify the contents of the store’s records. The trial court had held that the testimony, an itemized statement, and other documents were sufficient to prove the correctness of the claim. The defendant, who allegedly made the purchases in question, did not testify at trial.
In L. Frank & Co. v. Devillier’s Foodliner, 365 So.2d 501 (La.App. 4th Cir.1979), this court held that business records, “such as delivery slips or invoices,” are competent evidence as to the amount owed on an open account when the bookeeper or supervisor of the records testifies as to the correctness of them. In that case there were signed carbon copies of delivery slips showing that certain merchandise had been de *1324 livered to the defendant. An itemized invoice was also introduced into evidence.
In the case at bar, Mr. Frantz admitted that computers have a margin of error. He further stated that at one point he was unable to explain something on the statement. The defendant admitted to receiving treatment at Ochsner from October, 1982, to January, 1984, but denied receiving the treatment, including the seventy-seven sessions of cardiac exercise therapy, listed on pages 1A through 9A of the statement. These nine pages of the statement were done by a computer. The charges on pages one through twelve were compiled from non-computerized records and typed on the statement.
The facts of the case at bar differ from those in the case cited by Professional. This case involved computer records. But, most importantly, Mr. Frantz’s testimony did not convince the trier of fact, and this court, that the statement was reliable and accurate. Then, there is the testimony of Mr. Fichtel. We find no merit to Professional’s argument that his testimony should be disregarded because it was contradictory. We find the testimony was not outright contradictory and assume the trial court found likewise.
Based upon the evidence, we are unable to say that Professional made out a prima facie case. This is a separate issue from the admissibility of the statement and concerns the weight of the evidence. Considering the evidence as a whole, we find that the trial court’s finding is supported by the record and is not clearly wrong.
The disputed charges, for the seventy-seven cardiac exercise therapy sessions and related treatments, all contained in the computer-generated portion of the statement, pages 1A through 9A, total $1,693.00. Professional’s claim for $1,600.00 is therefore negated.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
SCHOTT, C.J., concurs.